Adlington, Surr.
[After stating the facts as above]. It appears from the proceedings before the two courts above mentioned, that the said will and codicil were duly admitted to probate in both jurisdictions. The time within which to ask for a revocation of such probate has long since passed. . That the will was valid to pass all the testator’s property under the laws of the State of New York, there can be no question. It was also valid as a will of personal property under the laws of Maryland, and entitled thereby to probate as such (Plater v. Groome, 3 Md. 134; Devecmon v. Devecmon, 43 Md. 335 ; Byers v. Hoppe, 61 Md. 207; S. C., 48 Am. Rep. 89).
The real question here, therefore, is what law controls the distribution of the personal property now in the hands of this petitioner; the law of New York, or the law of Maryland ? The former permits a testator to dispose of his entire personal estate to persons outside of his own family, and marriage without issue does not revoke a will previously made. In the State of Maryland, the common law doctrine of “ reasonable parts ” is still in force; and *116 the. widow of a man who dies, leaving a will in which she is unprovided for, takes one-third of his personal estate, after payment of debts, if children survive the testator, and one-half thereof, in case there are no children (Griffith v. Griffith, 4 Harris & McHenry, 101 ; Coomes v. Clements, 4 H. & J. 480; Hokamp v. Hagaman, 36 Md. 511, 518).
It is well settled in the law, that personal property has no locality, but follows the person of its owner; and that the law of a decedent’s domicile controls in the distribution of his personal estate, without regard to its actual situation (Parsons v. Lyman, 20 N. Y. 103, 112; Chamberlain v. Chamberlain v. 43 N. Y. 424, 433 ; Despard v. Churchill, 53 N. Y. 192, 199; Matter of Hughes, 95 N. Y. 55, 60). It seems clear to me, therefore, that the widow of this decedent is entitled to have the distribution of this personal property, so far as her rights therein are concerned, made according to the laws of the State of Maryland, and to receive such share thereof as'the said laws assign to her.
It further remains to decide whether the assets remaining in the hands of the administrator, after deducting commissions and allowances, shall be transmitted to Maryland to be distributed by the court there having jurisdiction, or shall be distributed here, due regard being had to the laws of Maryland in such distribution. •
It was said by the court of appeals in Matter of Hughes (95 N. Y. 55), that “ when there are two administrators of an estate, one in the place of the domicile of the testator or intestate, and the other in a foreign jurisdiction, whether the courts of the latter will decree distribution of the assets ... or remit them to the jurisdiction of the domicile, is a 'question, not of jurisdiction, but of judicial discretion, depending upon the circumstances of the particular case.” To the same effect are Despard v. Churchill (53 N. Y. 192), and Harvey v. Richards (1 Mason, 381).
In the present case the parties all reside in this State, except the widow; there are no debts to be paid in either State, and the Maryland administrator, this contestant, is *117 not at present in Maryland, as appears from the verification of her answer herein. ' I think, therefore, that it will be for the convenience of parties, and a saving of expense, to have the distribution made here, and accordingly so direct.
The widow must take one-third of the net personal estate, and the remainder must be distributed according to the terms of the will.
On the argument, it was conceded that the widow was entitled to $150 under the New York statute, nything having been set off to her by the appraisers when the inventory was made here. Since, however, her rights depend on the laws of Maryland, and not of New York, and no statute or decision of the former State having been brought to my notice, giving her anything in addition to her reasonable parts, I therefore hold that she is not entitled to the said $150 allowance under our statute.
All formal objections to the widow’s right to intervene in this proceeding are overruled, and the objections to the account interposed by the contestants may be disposed of on the further hearing herein, which may be brought on after three days’ notice.