## In re WITTER'S ESTATE.

### (Surrogate's Court, Allegany County.   April 1, 1891.)

**1. WILLS—REVOCATION—PRETERMITTED CHILDREN.**

Testatrix executed her will in New York, and then removed to Rhode Island, where she died, leaving several children born after the execution of the will, none of whom were provided for in the will. Testatrix's entire property consisted of personal property. *Held*, that testatrix died intestate as to her pretermitted children, under the laws of both states, and that they were left in the same position as they would have occupied had no will been made, under 4 Rev. St. N. Y. (8th Ed.) p. 2549, § 49, and Pub. St. R. I. tit. 24, c. 182, § 12, which provide alike that "whenever any child shall be born after the execution of his father's or mother's will, without having any provision made for him in such will, he shall have a right and interest in the estate of his father or mother in like manner as if they had died intestate."

**2. SAME—PERSONAL PROPERTY—INTESTACY.**

In such case, testatrix having left a husband, who would have taken the whole of the devised estate, which was personal property, in New York, under Code Civil Proc. N. Y. § 2694, which provides that the disposition of personal property whereof the owner dies intestate shall be governed according to the laws of the state where the decedent was resident at the time of her death, and under Pub. St. R. I. tit. 24, c. 184, § 7, which provides that the husband shall have the whole of the wife's personal property in case of intestacy, the pretermitted children are entitled to no part of the estate bequeathed, but the same must be distributed according to the terms of the will.

Proceedings for the distribution of the personal estate of Mary P. Witter, deceased.

Decedent, a married woman, residing in Allegany county, N. Y., there executed her last will and testament, which, among other bequests, gave to her husband $1,000, and the whole residue to her mother, Helen S. Clarke, who was also named as sole executrix of the will. Subsequently, while a resident of said county, she became the mother of two children. After the birth of said children, she, with her husband and children, removed to the state of Rhode Island, where, after becoming the mother of another child, she died while a resident of that state, leaving considerable property, all personal, consisting of bonds secured by real-estate mortgages upon lands in this county. Said will was duly admitted to probate, and letters testamentary issued to the mother by surrogate of Allegany county. The specific legacies and the debts have all been paid, and the question now arises as to the disposition of the residuum; the executrix, who is the residuary legatee, claiming the surplus, and the special guardian contending that it should be distributed to the infants.

*L. C. Van Fleet,* for executrix.   *Joseph F. Rice,* for special guardian.

NORTON, S.   Section 49[1] of the statute of wills of the state of New York provides, whenever a testator shall have a child born after the making of a last will, either in the life-time or after the death of such testator, and shall die leaving such child, so after born, unprovided for by any settlement, and neither provided for nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate as would have descended or been distributed to such child if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will. The Statutes of the State of Rhode Island (title 24, c. 182, § 12) provide as follows: "Whenever any child shall be born after the execution of his father's or mother's will without having any provision made for him in such will, he shall have a right and interest in the estate of his father or mother in like manner as if the father or mother had died intestate, and the same shall be assigned to him accordingly." Title 24, c. 184,

[1] 4 Rev. St. N. Y. (8th Ed.) p. 2549.

§ 7, of the Statutes of Rhode Island provides: "The husband shall be entitled to the administration of the personal estate of his wife, in case of her intestacy, and shall not be compelled to distribute the same among the next of kin, but shall have and retain the surplus thereof after the payment of her debts for his own use." Title 20, c. 166, § 13, of the Statutes of that state provide that "any married woman of sane mind, and of 21 years of age, may dispose of her real estate, or any portion of the same, and, being of the age of 18 years, may dispose of her personal estate, or any portion of the same, by a last will and testament, executed in the manner in which other wills are required to be executed for disposition of like property." By section 14 of the same chapter, it appears that the right of the husband in the real estate of the wife as tenant by the curtesy, and his right to administer without account upon her personal estate not disposed of by her last will and testament, shall not be impaired by the provisions of this chapter.

The succession to the personal property of an intestate is governed exclusively by the law of the domicile of the intestate at the time of his death. Code Civil Proc. § 2694; *Moultrie* v. *Hunt*, 23 N. Y. 403; *Parsons* v. *Lyman*, 20 N. Y. 103; *Despard* v. *Churchill*, 53 N. Y. 192. Section 2612 of the Code of Civil Procedure of New York provides as follows: The right to have a will admitted to probate, the validity of the execution thereof, or the validity or construction of any provision contained therein is not affected by the change of the testator's residence made since the execution of the will; and section 2694, that, except where special provision is otherwise made by law, the validity and effect of a testamentary disposition of personal property situate within the state, and the ownership and disposition of such property, where it is not disposed of by will, are regulated by the laws of the state or country of which the decedent was a resident at the time of his death. Now, giving to section 2612 full force, without modifying its meaning by the terms of section 2694, it must mean that the validity of the instrument and its provisions —that is, the right of the testator to do what he attempted to do, and in the manner in which he attempted to do it—must be tested by the law of the place where he was domiciled at the time he made the will. And the construction of its provisions, the intended meaning of the words of the testator, must be sought and discovered under the light of the law of the place where he is domiciled at the time he uses them. But when the validity of the instrument and its provisions have been tested by the law of the place where it was made, then the incidental effects of the instrument must be decided by the law of the place where it takes effect. It must be held that sections 2612, 2694, leave the effect of the instrument to be decided by the law of the testator's domicile at the time of his death. But in deciding the question here involved it is not necessary to construe these sections; for the right to have the will admitted to probate, the validity of the execution thereof, or the validity or construction of any provision contained therein is not in question. The instrument and all its provisions are valid under the laws of both states, and there is no question as to any provision contained therein under the laws of either state. It cannot even be said that the effect of the instrument is in question; for the laws of both states provide, practically, that the instrument shall be of no effect so far as it relates to post-testamentary children. The statutes of both states leave them in precisely the same position as they would have been had no will been made; the only difference being that the laws of this state allow the estate to pass to the legatees, and then gives the children a right of action against them for their interest in the same, while the laws of the state of Rhode Island seem to require that their portion be distributed to them upon the final settlement of the estate. The laws of both states provide in plain terms that post-testamentary children shall have the same interest that they would have had if the parent had died intestate; no more, and no less. What that interest may be depends entirely on circumstances:

(1) The laws governing the succession to her property; (2) the condition of her property at the time of her death; (3) her domestic relations at the time of her death. If she had died domiciled in the state of New York, leaving personal property, the children would have taken two-thirds of the same, whether there was or was not a will. If she had died in either state, leaving a husband and real estate situated within the state, the children would have taken the whole of her real estate, subject to her husband's right of curtesy, whether there was or was not a will. But the facts are: (1) She died domiciled in the state of Rhode Island; (2) she left nothing but personal property; (3) she did leave a husband, who would have taken the whole of the wife's personal estate in case of intestacy, and the children take nothing, whether there is or is not a will. They would have taken nothing if their mother had died intestate; therefore they take nothing, and the whole estate must be distributed according to the terms of the will. It was not intended by the statutes of either state to give post-testamentary children an interest in the parent's estate by virtue of the will, but to give them an interest therein in spite of the will, and the same as if it had not been made. *In re Braithwaite,* 19 Abb. N. C. 113, is in point. It is in the discretion of the surrogate whether he will remit the assets to the jurisdiction of the domicile, or distribute them according to the law of the domicile, depending upon the circumstances of each case. But where there are no debts in either state, and the convenience of parties interested will be better served, the surrogate will make distribution, keeping in view the laws of distribution at the place of the domicile. *In re Braithwaite,* above cited; *In re Hughes,* 95 N. Y. 55; *Parsons* v. *Lyman,* 20 N. Y. 103; *Despard* v. *Churchill,* 53 N. Y. 192. In this case the assets should be distributed according to the terms of the will, and the executrix and residuary legatee allowed to retain the residue of the same, and a decree to that effect will be entered.