In the Matter of the Estate of DANIEL J. BERGIN,
Deceased.

[No. 13,113; decided November 1, 1894.]

Domiciliary Administrator—Remission of Assets.—Where there are two administrators of a single estate, one in the place of the domicile of the testator or intestate and the other in a foreign jurisdiction, whether the courts of the latter will decree distribution of the assets collected under the ancillary administration or remit them to the jurisdiction of the domicile, is not a question of jurisdiction, but of judicial discretion depending upon the circumstances of the particular case.

The question involved in this case is the power of the court to remit assets to the domiciliary administrator.

COFFEY, J. Of the power of the court after payment of local claims upon the estate to direct transmission of the assets in the hands of the ancillary administrator to the domiciliary administrator, there can be no doubt.

The leading cases on the subject are: Harvey v. Richards, 1 Mason, 381, 407, 413, Fed. Cas. No. 6184; Parsons v. Lyman, 20 N. Y. 121; Despard v. Churchill, 53 N. Y. 200.

In Re Hughes, 95 N. Y. 55, the court say: "Where there are two administrators of a single estate, one in the place of the domicile of the testator or intestate and the other in a foreign jurisdiction, whether the courts of the latter will decree distribution of the assets collected under the ancillary administration, or remit them to the jurisdiction of the domicile, is not a question of jurisdiction, but of judicial discretion depending upon the circumstances of the particular case": Demmert v. Osborn, 65 Hun, 585, 20 N. Y. Supp. 474; In re Braithwaite, 19 Abb. N. C. 113; Succession of Gaines, 46 La. Ann. 252, 49 Am. St. Rep. 324, 14 South. 602; Schouler on Executors, secs. 174, 175; Trimble v. Dzieduzyiki, 57 How. Pr. 213; Norman's Admr. v. Crognard, 17 N. J. Eq. 428; Wright v. Philips, 56 Ala. 69; Wright v. Gilbert, 51 Md. 146-155.

This is the rule announced in Estate of Apple, 66 Cal. 435, 6 Pac. 7, and applied by this court to the Estate of Skerrett,

as published in the San Francisco Law Journal, October 3, 1892.

It is, therefore, in the discretion of the court to decree distribution here, or after payment of debts, expenses of administration and all local claims on the assets, order them transmitted to the domiciliary administrator.

---

The Rule Announced in the Principal Case is recognized in Succession of Gaines, 46 La. Ann. 252, 49 Am. St. Rep. 324.