Matter of the Estate of NICHOLAS W. WHITE, Deceased.

(Surrogate's Court, New York County, June, 1920.)

Wills — when probate decreed — marriage — conflict of law.

   Decedent, who while unmarried and a resident of the State of Illinois had made his will, moved to the state of New York where he continued to reside for more than fifteen years and until his death.  While a resident of the state of New York he became a married man.  There is a conflict between the law of New York and the law of Illinois as to the effect of the subsequent marriage of a man upon a prior will executed by him.  *Held*, that the law to be applied upon a proceeding for the probate of said will was that of New York, and that thereunder the will remained unrevoked.

   Decedent died before the enactment of chapter 293 of the Laws of 1919 amending the Decedent Estate Law, and there is nothing to indicate that this law was intended to be retroactive.

PROCEEDING upon the probate of a will.

James B. Sheehan, for proponent.

Wesley S. Sawyer, for contestant.

COHALAN, S.   This is a contested probate proceeding.  The framed issues I directed the jury to answer favorably to the proponent.  Another issue arose during the trial, and that was as to the revocation of the will by reason of the subsequent marriage of the decedent.  Upon the question of law thus presented I directed the filing of briefs, and that is the matter for present disposition.

   A short résumé of the evidence will perhaps not be amiss.  Nicholas W. White, while a resident of the state of Illinois, executed on September 26, 1900, a will in due and proper accordance with the requisites

28

of law. He was at that time unmarried. The will left the entire estate to "my mother, Ellen White, and sister, Mary White, to be divided jointly." The mother predeceased the testator. The sister mentioned in the will, another sister, a brother, a nephew and a niece survive him, as does his widow, who is the contestant herein. In 1902 he moved to the state of New York and continued to reside here until his death. In 1915, while a resident of the state of New York, he married the present contestant. He died in 1918, a resident of the state of New York.

There is a conflict between the laws of New York and Illinois as to the effect of the subsequent marriage of a man upon a prior will executed by him, hence the issue herein. The law of Illinois, as embodied in section 10 of the Descent Act of Illinois, reads, *inter alia*, "a marriage shall be deemed a revocation of a prior will," and has repeatedly been applied by the courts of that state to the will of an unmarried man. *McAnnulty* v. *McAnnulty*, 120 Ill. 33; *Sloniger* v. *Sloniger*, 161 id. 277. The claim is made that such law governs; that the will of a resident of New York becomes revoked by his subsequent marriage made while domiciled here by operation of the law of Illinois because it was executed in Illinois while he was a resident there, or, as the contestant phrases it, that "a will is construed as to revocation by marriage by the circumstances and law in force at the date of the instrument."

Upon analysis the cases cited by contestant fail to sustain such a claim. For the most part they do not involve, as does this matter, any change of domicile with its consequent complications. The apparently favorable expression from the opinion in *Matter of Del Genovese*, 169 App. Div. 140, which contestant seizes upon, must be taken in connection with the facts

in that matter, where the court had its mind directed to a consideration of whether it was dealing with a will " disposing of the whole estate of the testator." Since the decedent was domiciled in New York, both at the time of his marriage and at the time of his death, it is unnecessary to determine whether the question of revocation by marriage is governed by the law of the testator's domicile when he dies or by the law of his domicile when he marries.  The New York and Illinois decisions favor the view that it is the law of his domicile at death which controls. *Matter of Coburn,* 9 Misc. Rep. 437; *Matter of Braithwaite,* 19 Abb. N. C. 113; *Tyler* v. *Tyler,* 19 Ill. 151; *Matter of Tuller,* 79 id. 99.  As was said in *Matter of Coburn,* 9 Misc. Rep. 439, 440 (a case peculiarly in point on the facts, and moreover construing section 24 of the Decedent Estate Law, which section contestant claims makes applicable to this case the law of Illinois) :

" The law of a decedent's domicile at the time of death governs and gives effect, or otherwise, to his will.  If Mrs. Coburn had died a resident of the state of New Jersey her will would have been admitted to probate there as valid, and undoubtedly such personal property as was in this state could have been administered according to the will under ancillary letters issued in this state.  But it is not true that, having made her will in New Jersey while a resident there, her will should have the same effect now and here as it would have had if she had been a resident there at the time of her death (the case of *Braithwaite,* 19 Abb. N. C. 113; *In re Witter,* 15 N. Y. Supp. 133; *Trimble* v. *Dzieduzyiki,* 57 How. Pr. 208).  \*  \*  \*

" The principles maintained in these cases go further than establishing the rule by which the domiciliary law governs the disposition of personalty; they also prove that this law overrides previously existing

conditions by which a different result would have obtained.

"A will is ambulatory not only in being subject to revocation and alteration, but in being incomplete and inchoate. Before rights can be acquired under it the testator must die, and at the time of his death the will must be valid under the laws then existing (*Moultrie* v. *Hunt,* 23 N. Y. 298). And this I suppose to be true whether a change in the law has occurred by legislation or by removal to another state where different laws exist."

There is one more point which the contestant stresses — that the 1919 amendment to section 35 of the Decedent Estate Law is applicable in the instant case. Prior to such date the law of this state while holding that the will of an unmarried woman is revoked by her subsequent marriage (Decedent Estate Law, § 36), did not apply the same rule in the case of an unmarried man. Chapter 293 of the Laws of 1919, in effect September 1, 1919, altered this situation and placed the spouses upon a parity. The contention, however, that the law, as thus promulgated, applies to the matter at bar is without merit. The decedent died prior to the enactment of such law, and there is nothing to indicate that it is intended to be retroactive. *Dodin* v. *Dodin,* 16 App. Div. 42; affd., 162 N. Y. 635.

I hold therefore that the law to be applied in this matter is the law of the state of New York at the time the decedent died domiciled here, and that under such law the will remains unrevoked.

Having resolved the question presented in favor of the proponent, the propounded paper is admitted to probate.

Probate decreed.