## SUPREME COURT.

MERRITT TRIMBLE, executor, etc., agt. MICHAEL DZIEDUZYIKI *et al.*

*Citizenship affected by marriage — foreign guardian — will made abroad — assets, how transmitted to foreign executor.*

By her marriage with a citizen of a foreign state, and her residence with her husband at his domicil in such foreign state, the wife, although previously a citizen of this state, becomes subject to the laws of such foreign state, and her right to dispose of her property by will, as well as the rights of children born of her there, are to be determined by the laws of the state where she was domiciled.

Where the law of the state in which the testatrix was domiciled forbade her giving to her husband all the estate, to the exclusion of her infant son, to whom, as a necessary heir, descended, upon the death of his mother, one-half of her estate, real and personal:

Trimble agt. Dzieduzyiki *et al.*

*Held*, That a gift by the testatrix to her husband of *all* her property was invalid, and that, under the will, he could take only one-half of the estate, and the remaining half went to the infant son, as heir, notwithstanding the will.

Letters of guardianship, granted by the courts of a foreign state, do not operate to give the guardian a strict right to control assets of his ward situated within this state. In order to be fully recognized as the legal representative of an infant, a guardian must be appointed within this state (*Morrell* agt. *Dickey*, 1 *John. Chy.*, 153 ; *McLoskey* agt. *Reid*, 4 *Brad.*, 334, *and other cases cited in opinion*).

Assets belonging to the estate of a testatrix, domiciled and dying abroad, should be remitted to the foreign executor for distribution, according to the laws of the jurisdiction where the will was made and established (*Parsons* agt. *Lyman*, 20 *N. Y.*, 103).

*Special Term, October*, 1878.

ACTION by an executor for construction of marriage settlement and will, for directions and an accounting.

*W. G. Ulshoeffer*, for plaintiff.

*G. H. Gould*, guardian *ad litem*, for infant defendant.

*W. B. Ross*, for defendant, Dzieduzyiki.

VAN VORST, *J.* — In the year 1871 Elberta P. Jones, then a resident of the state of New York, was married to the count Michael Dzieduzyiki, a subject of the empire of Austria, domiciled in the kingdom of Italy. Previous to the marriage, and on the 21st day of October, 1871, an instrument, in the nature of a marriage settlement, was executed by and between her and her future husband, and the plaintiff, individually, and as the trustee under the will of Elbert P. Jones, the father of Elberta, and as her general guardian.

In which instrument, it was recited, as the fact was, that Elberta was entitled to a large amount of personal property, then being in the hands of the plaintiff, which constituted her share of the original estate of her father, with accumula-

tions thereon, and which property and estate was, by the instrument, assigned and transferred to the plaintiff, individually, in trust, however, for the uses and purposes in said instrument mentioned, which were, in substance, to pay and apply the income arising therefrom to and for the use of Elberta, both before and after her marriage, so long as she should live.

The plaintiff was also authorized and empowered to pay over to Elberta, out of the proceeds of the property, the sum of $12,000 at any time after she attained the age of twenty-one years, if she requestd it.

And upon her death, leaving issue living, the plaintiff was authorized, directed and empowered to pay over, assign and transfer the entire principal of the property to such persons or person, and in such manner as she should, by an instrument in the nature of a last will and testament, appoint.

The plaintiff assumed and entered upon the execution of the trusts imposed upon him by the marriage settlement.

Elberta died at Florence, in Italy, where she then, and for some time previously, had resided with her husband, on the 23d day of September, in the year 1875, leaving her surviving her husband and one child, an infant son, the defendant, Maurice Dzieduzyiki.

On the fifteenth day of May, at the city of Florence, where she resided, Elberta P. Dzieduzyiki made and executed her last will and testament, in due form, according to the laws of the kingdom of Italy, in and by which, after making certain specific legacies, she gave all the rest, residue and remainder of the property, real and personal, of which she was possessed or to which she was in anywise entitled, to her husband, count Michael Dzieduzyiki, to have and to hold, as his full property, for his own use and benefit.

She appointed the plaintiff, who is a resident of the state of New York, and marquis Dino Uguccione, of Florence, Italy, executors of her will. She authorized the plaintiff to act separately from the foreign executor, in respect to all

matters relating to the executorship, and administration, in the United States, of any part of the estate, and empowered him to collect and convert into money all her property and securities, and to pay over the same, as directed in her will, and according to law. She authorized the marquis Uguccione to act separately in all matters respecting the executorship in Italy, of any portion of her estate, and to pay over the same as directed in the will, and according to law.

The will was duly admitted to probate, by the proper court in the kingdom of Italy, and letters testamentary were duly granted to the defendant, the marquis Dino Uguccione, who was and is a resident of Florence, and afterwards, upon the production of an exemplification of the foreign record, the same was admitted to probate, by the surrogate of the county of New York, and letters testamentary were issued thereupon to the plaintiff.

The first question, which has been submitted by the parties, for the consideration and determination of this court, with respect to the will of the testatrix, arises out of the fact that the attempted gift to her husband of her whole residuary estate, which embraces all her property in the city of New York and which is wholly personal, in the hands of the plaintiff, as trustee under the marriage settlement, transgresses the law of the place where she was domiciled, at the time of her death, as well as when the will was made and published.

By her marriage with the count Dzieduzyiki, followed by her residence with him there, the testatrix became subject to the laws of the empire of Austria (2 *Kent's Com.*, 582), and her right to dispose of her property by will, including the property held by the plaintiff under the marriage settlement, and the rights of any children born of her, are to be determined by the laws of that empire, and of the kingdom of Italy.

The status or capacity of the testator to dispose of his personal estate by will, depends on the law of his domicil (11 *Kent's Com.*, 429 ; 4 *id.*, 513). This extends not only to general capacity to make a will, but also to the disposing

power over the estate (*Redfield's Law of Wills*, *vol.* 1, 409; *Harvey* agt. *Richards*, 1 *Mason*, 381; *Wood* agt. *Wood*, 5 *Paige*, 394, 402; *Despard* agt. *Churchill*, 53 *N. Y.*, 192, 199).

The laws of the country in which the testatrix was domiciled, in substance, forbade her from giving to her husband all her estate, to the exclusion of her infant son, to whom, according to the Austrian Civil Code (*secs.* 762, 764, 765), as a necessary heir, descended, upon her death, one-half of the personal and real estate left by his mother, and with this the law of the kingdom of Italy is in accord.

That this was the law of the place of the domicil of the testatrix is conceded by the defendant, Dzieduzyiki and his counsel, who, in view thereof, make claim on his behalf to one-half only of the property of the testatrix in the hands of the plaintiff, trustee and executor under the marriage settlement and will, a considerable portion whereof has been already paid to him by the plaintiff.

In view of these facts it must be held here, that under said will one-half of the residuary estate only was given to the husband, and that the remaining half, upon the death of his mother, by force of the laws of Austria and Italy, descended to Maurice, the infant son of the testatrix, and was unaffected by the will. The father, who is of full age, and is a defendant herein, by his answer to the complaint, and on the trial through his counsel, freely relinquished all claim to such half in favor of his infant son.

The question then arises, and in respect to which a direction is asked, how, and in what manner, and to whom, should the plaintiff pay out the moneys now in his hands, held by him as trustee and executor, the father and son being both residents of Florence? The father claims, by the laws of his country, to be the natural guardian of his infant son, and, it appears by the case, that one Oreste Mattarini, residing in Florence, has been appointed, by the proper court in Italy, special executor or guardian for the infant defendant, in

respect to his property and rights, and it is suggested by counsel that the infant's share of the property may well be paid over to the general and special guardian, although domiciled abroad. The rights and powers of a guardian are, in general, considered as strictly local, and circumscribed by the jurisdiction of the state or government which clothed him with the office (*Morrell* agt. *Dickey*, 1 *John Ch.*, 153; *Leonard* agt. *Putnam*, 51 *N. H.*, 247).

Letters of guardianship, granted by the courts of a foreign state, do not, therefore, operate to give the guardian a strict right to control assets of a ward situated within another state. *McLoskey* agt. *Reid* (4 *Brad.*, 334) holds that, in order to be fully recognized as the legal representative of the infant, a guardian must be appointed within this state.

The severity of this rule has, however, been relaxed in later cases, and it has been held that a court having general equity jurisdiction, may in a proper case, and upon grounds of comity towards the courts of a foreign state, order the assets of the ward, in the possession of a guardian resident within its jurisdiction, to be delivered to the guardian abroad (*Nugent* agt. *Vetzera*, *L. R. Eq.*, 704; *Earl* agt. *Dresser*, 30 *Ind.*, 11; *Stuart* agt. *Bute*, 9 *H. L. Cases*, 440).

Notwithstanding these later cases, I feel disposed to recognize the rule laid down in *Morrell* agt. *Dickey* and *McLoskey* agt. *Reid* (*supra*), as an expression of the courts of this state, upon this subject, to be followed. The grant of letters testamentary here to the plaintiff were ancillary to the probate and letters granted abroad. In *Despard* agt. *Churchill* (*supra*) it was held that the assets, belonging to the estate of the testator, should be remitted to the foreign *executor* for distribution according to the laws of that jurisdiction.

It is admitted that this is a question of judicial discretion, but I am inclined to the opinion that such discretion is best exercised by giving the property in question such direction (*Parsons* agt. *Lyman*, 20 *N. Y.*, 103). In the course of a lawful administration abroad, the infant's share will reach the

Trimble agt. Dzieduzyiki *et al.*

hands of those upon whom the custody of his estate properly rests, and with all the safeguards and assurances that the law of the infant's domicil provides.

In order to the settlement of his accounts and the closing of the estate in his hands, it will be necessary for the plaintiff to sell, under the direction of this court, and to convert into money the real estate, which he has been compelled to purchase upon foreclosure sales, and which real property is, for the purpose of this action, regarded as personal estate. The conditional gifts to Yale and Columbia colleges, provided for in the will of Elbert P. Jones, have not taken effect, as the contingencies upon which they were limited have not happened, and these defendants have no interest in the controversy.

It is claimed, on the part of the plaintiff, that all legacies charged by the testatrix upon her estate in favor of persons within this state have been fully discharged, and that there are no claims of creditors outstanding, and that there is no legal obstacle in the way of the transmission of the funds to the foreign executor, with safety to every person interested in the estate, here and elsewhere.

It is necessary, however, that the executor's accounts should be passed before a final direction be made in pursuance of the above conclusions, and for this purpose a reference is ordered.

Before the referee all proper proof should be made, for the information of the court, as to whether or not there are any existing claims or demands of any nature upon the estate, within this jurisdiction, which should be adjusted and paid here before the funds are transmitted abroad.

The referee will also take an account of all moneys paid by the plaintiff properly chargeable upon, or payable out of, the estate in his hands. Further details of the reference will be adjusted when the findings and conclusions of law are settled.