JOHN DAY *vs.* ALJANETTE FLOYD, administratrix.

Suffolk. March 8. — 14, 1881. COLT, ENDICOTT & SOULE, JJ., absent.

If an administrator refuses, at the trial of an action against him, to produce the original letters of administration, a certified copy of the decree of the Probate Court granting them is admissible in evidence.

A decree of the Probate Court granting letters of administration is admissible, in an action against the administrator on a debt due from the intestate, as evidence that the defendant is the administrator, and bound to pay the debt.

Misdescription in a writ of the plaintiff's residence must be pleaded in abatement.

CONTRACT upon a promissory note for $100, payable on demand to the order of the plaintiff, and signed by Samuel Floyd, the defendant's intestate. The writ, which was dated March 8, 1880, described the plaintiff as " of Lynn in the county of Essex." Trial in the Superior Court, before *Pitman,* J., who allowed the following bill of exceptions :

" The plaintiff called upon the defendant to produce the original letters of administration granted her by the Probate Court, notice to produce which had been given ; which she refused to do. He then put in evidence a certificate of the administration

under the seal of the Probate Court. He also offered evidence tending to prove the signature to the note declared on; and put the note in evidence, and rested: None of this evidence was objected to by the defendant at the time it was offered. It appeared in evidence that the plaintiff was a resident of the State of New Hampshire, and had been for more than a year previous to the date of the writ.

" At the close of the evidence the defendant asked the court to rule that said certified copy was not competent evidence to prove the fact that the defendant was administratrix, as alleged, and was no proof of death; also to rule that, inasmuch as the plaintiff was described as of Lynn, in this Commonwealth, if as a matter of fact he was a resident of another State, and the plaintiff and his counsel knew the same, the plaintiff could not recover. The judge refused so to rule. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions."

*C. R. Brainard*, for the defendant.

*N. D. A. Clarke*, for the plaintiff.

GRAY, C. J. The " certificate of the administration under the seal of the Probate Court " was admitted in evidence without objection, and is shown by the subsequent request of the defendant's counsel for instructions, as stated in his bill of exceptions, to have been, not a mere certificate of the fact that administration had been granted, but a certified copy of the decree of the Probate Court granting letters of administration. It was, therefore, competent evidence of the fact that the defendant was administratrix.

A decree of the Probate Court granting letters of administration is not indeed an adjudication of death, as against the person therein assumed to be dead; nor is it admissible in proof of the death, as between strangers, nor even in an action brought by the person who has been appointed administrator in his individual capacity. But it is admissible in an action by the administrator in his official capacity on a debt due to the supposed deceased, as evidence that the plaintiff has a right to collect the debt; and it is equally admissible in an action against the administrator in his official capacity on a debt due from the supposed deceased, as evidence that the defendant is bound to pay the debt. *Mutual Benefit Ins. Co.* v. *Tisdale*, 91 U. S. 238, 243.

*Newman* v. *Jenkins*, 10 Pick. 515.  *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, 94.  No further proof of death, therefcre, was necessary in this action.

The misdescription of the plaintiff's residence, not having been pleaded in abatement, could not be availed of by the defendant. Com. Dig. Abatement E. 18–22.  *Mayor & Burgesses of Stafford* v. *Bolton*, 1 B. & P. 40.                    *Exceptions overruled.*