---

(9 Misc. Rep. 437.)

### In re COBURN'S WILL.

(Surrogate's Court, Orange County. July, 1894.)

WILLS—REVOCATION—SUBSEQUENT MARRIAGE.

> A will executed in New Jersey by a feme sole then resident and subsequently married therein, but at the time of her death domiciled in New York, is within 2 Rev. St. p. 64, § 44, providing that a will "executed by an unmarried woman shall be deemed revoked by her subsequent marriage;" and it is not affected by Code Civ. Proc. § 2612, which provides that "the right to have a will admitted to probate, and the validity of its execution or of provisions contained therein, are not affected by change of testator's residence made since its execution."

Proceeding for the probate of the will of Lavina Donkersley Coburn, deceased. Probate was contested by Bartholomew Coburn, the husband of testatrix. Denied.

M. N. Kane, for proponent.
W. D. Mills, for contestant.

COLEMAN, S. The testatrix, on the 10th day of June, 1884, being at the time a resident of the state of New Jersey and an unmarried woman, made her will. On the 22d day of June, 1884, being still a resident of the state of New Jersey, she married Bartholomew Coburn, also a resident of that state, and they continued to reside in said state until the year 1889, when they removed to the town of Monroe, in the state of New York, where the testatrix died, without children, leaving her said husband her surviving. That will is now here offered for probate. The husband objects upon the ground that, by the law of the state of New York, the will was revoked by the marriage of the testatrix subsequent to its execution. 2 Rev. St. p. 64, § 44. That statute reads as follows: "A will executed by an unmarried woman shall be deemed revoked by her subsequent marriage." In answer the proponent urges (1) that as the will was executed in the state of New Jersey by a resident of that state, and the subsequent marriage contracted in that state between residents thereof, the effect of the marriage upon the validity of the will must be determined by the laws of that state; (2) that by the law of the state of New Jersey, the subsequent marriage did not invalidate the will (Webb v. Jones, 36 N. J. Eq. 163); and (3) that, the will not having been invalidated by the subsequent marriage, it remained valid after the removal to this state, and should be admitted to probate (Code Civ. Proc. § 2612). That section contains the following provision:

"The right to have a will admitted to probate, the validity of the execution thereof, or the validity or construction of any provision contained therein, is not affected by a change of the testator's residence made since the execution of the will."

Is the proponent correct in this position? Or does the law of this state work a revocation of all wills, wherever executed, of unmarried women who subsequently marry, so that they are invalid and cannot be admitted to probate in this state? This would seem to be the case, but I have been unable to find any case reported where this question has arisen. Section 2612 does not go to the extent of declaring that the validity of a will is not affected by a change of the testator's residence made since the execution of the will, but only says that the right to have a will admitted to probate, the execution thereof, or the validity or construction of any provision contained therein are not affected by such a change of residence. The preceding language of the section, "A will of personal property executed according to the laws of the testator's residence," etc., indicates that this right is not an unqualified right, but is a right which is given because the will has been executed in conformity with the laws of the state of the testator's residence at the time of its execution. I think it would not be claimed that this section gives the right to have a will admitted to probate which had been executed by a person 15 years of age in the state where the laws of that state (if there was such a state) permitted such a person to make a valid will; nor do I think it would allow a will to be admitted to probate where the testator had done an act, wherever done, which by the laws of this state is declared to be a revocation of the will. The law of a decedent's domicile at the time of death governs and gives effect, or otherwise, to his will. If Mrs. Coburn had died a resident of the state of New Jersey, her will would have been admitted to probate there as valid, and undoubtedly such personal property as was in this state could have been administered according to the will under ancillary letters issued in this state. But it is not true that, having made her will in New Jersey while a resident there, her will should have the same effect now and here as it would have had if she had been resident there at the time of her death. Case of Braithwaite, 19 Abb. N. C. 113; In re Witter's Estate (Surr.) 15 N. Y. Supp. 133; Trimble v. Dzieduzyiki, 57 How. Pr. 208. In the Case of Braithwaite, 19 Abb. N. C. 113, the testator, being a resident of this state, duly executed his will at Rochester, bequeathing all his property to his children and grandchildren. He afterwards married here, and subsequently removed to the state of Maryland, and died a resident of that state. The will was admitted to probate in the county of Monroe, in this state. By the law of Maryland, the widow of a man who dies leaving a will, in which she is unprovided for, takes one-third of his personal property after the payment of debts, etc. It was held that the will was revoked as to the one-third by the testator's removal to and death in the state of Maryland, his estate having thereby become subject to the law of that state. In re Witter's Estate (Surr.) 15 N. Y. Supp. 133, is a case of very similar

character; and in the case of Trimble v. Dzieduzyiki, 57 How. Pr. 208, it was held upon the distribution in New York of the estate of a woman who had died domiciled in Italy, leaving a son born in Italy after the execution of her will there, that the son was entitled as "necessary heir" to one-half of the real and personal estate, notwithstanding that the property was held in the state of New York, under a trust created by the testatrix in an antenuptial agreement in which the right to make a testamentary disposition was reserved to her, and that she had executed a will by which all was given to her husband, executed, however, before the birth of the son. The principles maintained in these cases go further than establishing the rule by which the domiciliary law governs the disposition of personalty; they also prove that this law overrides previously existing conditions by which a different result would have obtained. A will is ambulatory, not only in being subject to revocation and alteration, but in being incomplete and inchoate. Before rights can be acquired under it, the testator must die; and at the time of his death the will must be valid under the laws then existing (Moultrie v. Hunt, 23 N. Y. 398); and this I suppose to be true whether a change in the law has occurred by legislation or by removal to another state where different laws exist. I am of the opinion that this will was revoked by the subsequent marriage of the testatrix, and should not, therefore, be admitted to probate. Decree accordingly.