Van Wickle v. Van Wickle.

BESSIE PARDEE VAN WICKLE and ISRAEL P. PARDEE, executors and trustees,

v.

MARJORIE RANDOLPH VAN WICKLE, AUGUSTINE VAN WICKLE et al.

[Submitted December 11th, 1899.  Decided December 19th, 1899.
Filed March 24th, 1900.]

1. A devise of land in New Jersey under a will of a non-resident must be determined by the laws of New Jersey.

2. *Gen. Stat. p. 3760 § 19*, providing that if a testator, having children when he makes his will, "shall at his death leave a child" born thereafter, and not provided for by the will, such child shall have the same rights as though the father had died intestate, includes a posthumous child.

3. The birth of a testator's posthumous child, entitled under *Gen. Stat. p. 3760 § 19* to take the same share as though his father had died intestate, does not destroy a devise in trust to the executor with power of sale.

On final hearing on pleadings and proofs.

The bill is filed by the executors under a will, against the devisees under a residuary clause thereof and a posthumous child of the testator, to determine the rights of the respective parties in a piece of valuable land situate in Morristown, New Jersey, of which the testator died seized.

The principal question is whether the birth of the child after the death of the testator had the effect of destroying a devise in trust to his executors, with power of sale contained in the will.

Augustus S. Van Wickle, at and for some time before his death, was a domiciled resident of the State of Pennsylvania, and died there on the 8th day of June, 1898, leaving a widow, Bessie Pardee Van Wickle, and a daughter, Marjorie Randolph Van Wickle, about fifteen years of age. His posthumous son, Augustine Van Wickle, was born on the 10th of November of that year.

By his will, dated April 29th, 1896, after giving a considerable amount in money to various legatees, all of which has been paid or provided for out of the personal estate, the testator devised all the rest, residue and remainder of his estate, real and personal, whatsoever and wheresoever the same may be, to his wife, Bessie Pardee Van Wickle, one of the complainants, her heirs, successors and assigns forever, in trust, with a distinct power to sell, rent and mortgage, and to hold the proceeds in trust during the joint lives of his wife and his daughter, Marjorie Randolph Van Wickle, and on the death of either, to the survivor, and further disposition of the proceeds for the benefit of his wife and daughter.

By codicil he appointed the other complainant, Israel P. Pardee, co-executor and trustee with his wife, giving them jointly the same powers as was given to his wife by the will.

This will was executed with the formalities requisite in order to pass the title of real estate in New Jersey.

Desiring to sell and convey the real estate in New Jersey, and doubts being raised as to the effect upon the power of sale of the birth of the posthumous child, the complainants filed their bill praying that their rights may be determined as above stated, and if it shall be held that the power of sale is destroyed by the

event which has happened, then that there may be a partition of the premises between the parties interested therein.

*Mr. Charles C. Black*, for the complainants.

*Mr. L. A. Thompson*, guardian *ad litem* of infant defendants.

PITNEY, V. C.

I think the question presented is of easy solution. At the common law a will made by a husband was not revoked by the birth of a posthumous child, for the reason given, that he was presumed to have known of the possibility of such an event and to provide for it. This, however, has been changed in England, and most of the states of the Union, by statutory provisions. The devolution of the title to land situate in this state must be determined by the laws of this state, and our statute provides for two distinct cases of posthumous children.

By the eighteenth section of the act concerning wills (*Gen. Stat. p. 3760*), it is provided

"That every last will and testament made when the testator had no issue living, wherein any issue he might have is not provided for or mentioned, if at the time of his death he leaves a child, children or issue, or leave his wife *enceinte* of a child or children which shall be born, such will shall be void, and such testator be deemed to die intestate."

Clearly that section does not apply to this case, because here the testator had issue living at the time of making his will.

The nineteenth section provides as follows:

"That if a testator having a child or children born at the time of making and publishing his last will and testament, shall, at his death, leave a child or children born after the making and publishing of his said last will and testamant, * * * the child or children so after born, * * * if neither provided for by any settlement nor disinherited by the said testator, shall succeed to the same portion of the father's estate, as such child or children or descendants as aforesaid would have been entitled to, if the father had died intestate; towards raising which portion or portions, the devisees and legatees or their representatives, shall contribute proportionably out of the part devised and bequeathed to them by the same will and testament."

Van Wickle *v.* Van Wickle.

It is apparent at once that this case is not within the strict terms of that section, if by the words "leave a child or children born after the making," &c., is intended that the child shall be born before the death of the testator. If the words "leave a child" are satisfied by the existence of the child *en ventre sa mere*, then the case is within the statute.

The very case was before this court and dealt with by Chancellor Runyon in *Wilson* v. *Fritts, 5 Stew. Eq. 59,* and the chancellor held that the case was within the nineteenth section above recited. He does not, in his opinion, take notice of the language to which I have just called attention, nor give any reasons for holding that the words "leave a child" were satisfied by a child *en ventre sa mere*. But I adopt the conclusion of the chancellor, and heartily concur in it.

The present case, as well as that before the chancellor, is within the equity of the statute, and unless the construction he gives to it is adopted by the court, it would seem that the common law would prevail, and the after-born issue lose all rights under the will. That aspect of the case was not argued before me, and counsel who presented the case did not contend that it was possible to cut off the after-born child.

Then as to the continued existence of the power of sale, the well-settled rule in New Jersey seems to be that in such a case the will is only disturbed so far as is necessary to give the posthumous child its full share of the estate. The very section which gives him his right assumes that the testamentary disposition will not be disturbed in any of its provisions except to the extent necessary to provide for the after-born child.

This conclusion leaves the power of sale undisturbed and in full force.

The result would have been different had the case fallen within the eighteenth section of the statute. Such was the case dealt with by the supreme court and the court of appeals of New York in *Smith* v. *Robertson, 24 Hun 210,* and *89 N. Y. 555.* There the testator had no children at the time of his death, and the will, and a sale had by virtue of a power given under it, were both declared to be void.

I will advise a decree as against the posthumous child, Augustine Van Wickle, that the executors in this case have full power of sale. The question, what shall be done with the proceeds of sale—that is, whether one-half shall be retained in this state and preserved under the care of the court until the infant becomes of age, or shall be left in the hands öf the executors, neither of whom are residents of this state, to be accounted for by them with the rest of the residue under the supervision of the courts of Pennsylvania—is not presented by the bill, and has not been discussed. Unless the parties choose to have that question settled before any decree is advised, it must be reserved in the decree, and they must be enjoined, in behalf of the infant, from removing the infant's share—one-half—of the proceeds of the sale, from this state, without the further order of the court.