[L. A. No. 8245. In Bank.—July 29, 1925.]

In the Matter of the Estate of PERCY R. BARTON, Deceased. RAYMOND H. BLAKE et al., Appellants, v. ALBERT CLARK et al., Respondents.

[1] WILLS—JURISDICTIONAL FACTS—RESIDENCE—FINAL ADJUDICATION. In a proceeding for the probate of a will, the fact of residence is a jurisdictional fact upon which the order of the court admitting the will to probate is made and based; and unless such order is set aside upon direct appeal, findings of jurisdictional facts supporting such order are final adjudications upon those facts for all subsequent stages of the administration proceedings and are as conclusive as the order admitting the will to probate.

[2] ID.—PLEADING—RESIDENCE—JUDGMENT—APPEAL.—Where a petition for the probate of a will is based upon the ground that the deceased was a resident of the state at the time of his death, the adjudication that he was such resident, made after due notice and hearing of evidence, is a final adjudication of that fact, even though the petitioner might have procured the probate of the will upon the ground that the deceased, although not a resident of this state, died in this state, leaving estate herein.

[3] ID. — DISPOSITION OF PERSONAL PROPERTY — LAW OF DOMICILE.— Where a testator leaves personal property situated in a state other than that of his domicile at the time of his death, the disposition of such property is governed by the law of the state of domicile.

[4] ID.—LAW OF DOMICILE—CONSTRUCTION OF CODE.—Section 946 of the Civil Code, which provides that, "If there is no law to the contrary, in the place where personal property is situated, it is deemed to follow the person of its owner, and is governed by the law of his domicile," means that personal property is governed by the law of the domicile of its owner unless a general or specific law where the property is situated provides that the law of the domicile shall not govern.

[5] ID.—LAPSED LEGACIES—INTENT—LAW OF DOMICILE.—Section 1343 of the Civil Code, concerning the lapsing of legacies, does not attempt to provide a method of arriving at the testator's intent, but establishes a positive law for the disposition of the property; and, in the bequest of personal property, it is the law of the domicile of the testator at the time of his death, and not the law of the domicile at the time of the execution of the will, that applies.

[6] ID.—LAPSED LEGACY — SUBSTITUTED BENEFICIARY — INTENT. — The "intention" mentioned in the provision of section 1343 of the Civil Code to the effect that a legacy shall not lapse if "an intention appears to substitute some other in his place" is not the intention of the testator as to whether or not said code section of the law of some other state shall apply to his will, for that section applies regardless of the testator's wishes; and the application of that section results in the lapse of the legacy, unless the testator prevents the lapse by inserting a provision for the disposition of the property in the event that the legatee predeceases him.

(1) 40 Cyc., p. 1372, n. 88.   (2) 40 Cyc. p. 1372, n. 88.   (3) 18 C. J., p. 810, n. 29.   (4) 18 C. J., p. 811, n. 35.   (5) 40 Cyc., p. 1384, n. 74.   (6) 40 Cyc., p. 1428, n. 10.

APPEAL from a decree of the Superior Court of San Diego County distributing an estate.   W. P. Cary, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jos. G. Pfanstiel and Laurence H. Smith for Appellants.

Hamilton & Lindley and Eugene Daney for Respondents.

LENNON, J.—Petition for the probate of the will of Percy R. Barton, deceased, was presented to the superior court of San Diego County. In admitting the will to probate the court found, among other things, that Percy R. Barton died September 2, 1922, in San Diego County;

that he was a resident of San Diego County at the time of his death; that he left property in said county, and that the document presented was executed as required by law. Administration proceeded without interruption until the filing of the administrator's petition for distribution, when appellants appeared and interposed written objections to the distribution of certain personal property to the residuary legatee. The residuary legatee filed a demurrer to, and moved to dismiss, appellants' objections and the court sustained the demurrer and granted the motion to dismiss "without leave to amend or re-file said pleading." A final decree was then entered distributing the property in accordance with the administrator's petition. From this decree the present appeal is taken, and particularly from that part thereof which decrees that appellants are not entitled to receive any portion of decedent's personal property.

The point of contention has its origin in the second paragraph of the will, which reads: "I give and bequeath two hundred and fifty-five shares of the Capital Stock of the National City Bank, of the City of New York, State of New York, also Ten Thousand Dollars in cash, to Charles E. Blake, of Barrington, Rhode Island, his heirs and assigns forever."

The legatee named in the above-quoted paragraph of the will died prior to the death of the testator, Percy R. Barton, and appellants are the heirs of said legatee, Charles E. Blake. For the purposes of this appeal it is conceded that the testator was domiciled in the state of Rhode Island at the time he executed the will; that a considerable part of the personal property, bequeathed as mentioned in the above paragraph, was situated in the state of Rhode Island at the time of the testator's death, and that according to the law of Rhode Island the heirs of Charles E. Blake, that is to say, the appellants herein, would be entitled to receive the bequests, whereas, under the California law (Civ. Code, sec. 1343), the bequests would lapse by reason of the fact that Charles E. Blake predeceased the testator and the property would become part of the residue.

In the written objections to the petition for distribution it was alleged and appellants contend that they should have been accorded the opportunity of proving that, at the time of his death, the testator was a resident of the state of

Rhode Island and not of California. This contention cannot be sustained because the fact of residence was determined by the court when it admitted the will to probate. It has been repeatedly held that ''The procedure of this state contemplates in the administration of the estates of deceased persons a series of definite proceedings, each of which is, as to the matters within its purview, separate. And an adjudication as to each step in this series is intended to be final in its nature, and not subject to review in a subsequent stage of the administration of the estate. . . . Each can be attacked directly by appeal, or by some motion authorized by law for the purpose, or, perhaps, by bill in equity, but an attack made in a different proceeding in the same estate would clearly be collateral.'' (*Estate of Davis,* 151 Cal. 318 [121 Am. St. Rep. 105, 86 Pac. 183, 90 Pac. 711]; *Irwin* v. *Scriber,* 18 Cal. 500; *Estate of Latour,* 140 Cal. 414 [73 Pac. 1070, 74 Pac. 441] ; *Estate of Parsons, ante,* p. 294 [237 Pac. 744].) Appellants seek to distinguish these cases upon the ground that attempt is not being made to attack the probate of the will, but merely to raise the question of the residence of the testator at the time of his death for the purpose of ascertaining the construction to be given the will. [1] However, the fact of residence was a jurisdictional fact upon which the order of the court admitting the will to probate was made and based. Unless set aside upon direct appeal, findings of jurisdictional facts supporting such an order are final adjudications upon those facts for all subsequent stages of the administration proceedings and are as conclusive as the order admitting the will to probate. (*Estate of Relph,* 185 Cal. 605 [198 Pac. 639].)

[2] Appellants also point to the fact that they could not have successfully objected to the admission of the will to probate for the reason that, even though decedent was not a resident of this state, the court was warranted in admitting the will to probate in San Diego County upon the ground that decedent died in that county, leaving estate therein. (Code Civ. Proc., sec. 1294, subd. 2.) It is, therefore, ur  l that this is appellants' first opportunity to present evidence concerning the testator's residence. While it is true that appellants could not have prevented the admission of the will to probate in San Diego County if the requisite jurisdictional facts existed, nevertheless appellants were privileged to ap-

pear and introduce evidence for the purpose of opposing an order admitting the will to probate based upon the ground that the testator was a resident of the county of San Diego and state of California. Having failed to do so the adjudication as to residence, made after due notice and hearing of evidence, is conclusive upon them in the present proceeding.

[3] Then, so appellants contend, notwithstanding that it must be regarded as an established fact that the testator was a resident of California at the time of his death, the law of Rhode Island governs and controls the disposition of that portion of the personal property, described in the paragraph above quoted, which is physically within the state of Rhode Island.

In answer to this contention it may be stated that, where a testator leaves personal property situated in a state other than that of his domicile at the time of his death, it is a clearly established general rule that the disposition of such property is governed by the law of the state of domicile. This is so, not because the law of the state of domicile operates of its own force in the state where the personal property is situated, but because, as a matter of comity, the latter state adopts, as part of its own law, the law of the state of the domicile of the testator, and permits it to govern the property in certain particulars. The operation of this general rule of law is explained in *Whitney* v. *Dodge,* 105 Cal. 192 [38 Pac. 636], as follows: "Of course, the law of any one state or nation does not *ex proprio vigore* extend beyond its own territory; and any state would have the rightful power to provide that the rule above stated should *not* prevail within its jurisdiction. But the rule is part of the law of every state in which it has not been abrogated either by express legislative language or the enactment of statutes which work such abrogation by necessary implication. In the absence of such abrogation the rule is not to be considered as imposed by foreign power upon the state in which it is invoked but as part of the law of such state."

[4] This rule is embodied in section 946 of the Civil Code, which provides: "If there is no law to the contrary, in the place where personal property is situated, it is deemed to follow the person of its owner, and is governed by the law of his domicile."

Appellants seek to construe this section to mean that, since the law of Rhode Island concerning the lapsing of legacies is contrary to the California law, the California law does not govern. However, such is clearly not the import of the language quoted and is not the construction which has heretofore been accorded it in this state. To construe this section as appellants suggest, namely, that no law of the domicile of the owner is applicable to personal property if there is a contrary law in the place where the property is situated, would be an unwarranted interpretation of its language. The obvious meaning of the statute is that personal property is governed by the law of the domicile of its owner unless a general or specific law where the property is situated provides that the law of the domicile shall not govern. Thus, in *Estate of Lathrop,* 165 Cal. 243 [131 Pac. 752], the court had under consideration an attempted disposition of personal property situated in California which was valid in the state of the testator's domicile but void in California because in violation of section 1313 of the Civil Code. The court declined to apply the law of the domicile because there is a positive law in California (Civ. Code, sec. 1285) to the effect that the law of the domicile of the owner shall not operate when the facts come within the provisions of section 1313 of the Civil Code.

Applying section 946 of the Civil Code to the present situation, the important point is not whether the law of Rhode Island concerning the lapsing of legacies is contrary to the California law, but whether there is any law of Rhode Island to the effect that the law of the domicile of the testator concerning lapsed legacies shall not apply to personal property situated within the state of Rhode Island. In the absence of evidence, it must be presumed that the law of Rhode Island upon this point is similar to the law of California, and according to the California law the law of the domicile of the testator controls. (*Estate of Apple,* 66 Cal. 432 [6 Pac. 7]; *Collins* v. *Maude,* 144 Cal. 289 [77 Pac. 945]; *Whitney* v. *Dodge, supra; Estate of Lathrop, supra.* See, also, *Estate of Randall,* 194 Cal. 725 [230 Pac. 445].)

[5] It is urged by appellants that, even if the law of the domicile does control, it is the domicile at the time of the execution of the will, and not that at the time of death.

196 Cal.—33

This suggestion is based upon the argument that the intent of the testator should be considered and that it is reasonable to assume that the expression of testamentary intent was influenced by the law in existence at the place where the will was made.

It is unnecessary to discuss what law would be applied if the question of the construction or interpretation of the will were before the court, for no such point is here presented. Suffice it to say that it has been expressly held in this state, in *Estate of Sutro,* 139 Cal. 87 [72 Pac. 827], that section 1343 of the Civil Code, concerning the lapsing of legacies, "contains nothing which aids or was intended to aid in the construction of a will; it provides that a legacy given in apt words, and leaving no room for the play of interpretation, shall lapse if the legatee dies before the testator." In other words, section 1343 of the Civil Code does not attempt to provide a method of arriving at the testator's intent, but establishes a positive law for the disposition of property. Likewise, the Rhode Island law pleaded by appellants does not purport to interpret the language of the will. Both statutes are rules of substantive law concerning the transfer of property of a decedent upon the happening of an event beyond the decedent's control. As in the case of other laws concerning the operation and effect of wills and as in the case of laws governing the validity and revocation of wills, it is the law of the domicile at the time of death that applies, at least, in the case of bequests of personal property. In Alexander on Wills, volume 1, page 345, the law is stated as follows: "If a testator, subsequent to making a testamentary disposition of personal property, removes to a different state, or country, and becomes domiciled there, in the event of his death his will is controlled, as to personalty, by the laws of his last domicile. Should different laws prevail and the will fail to comply with the requirements of the law of the last domicile of the testator, such change of domicile would, in effect, be a revocation of the bequests, since the personal property could not pass under the instrument," citing *In re Coburn's Will,* 9 Misc. Rep. 437 [30 N. Y. Supp. 383]; *Irwin's Appeal,* 33 Conn. 128; *Matter of Braithwaite,* 19 Abb. N. C. (N. Y.) 113. See, also, *Estate of Patterson,* 64 Cal. App. 643 [222 Pac. 374].

[6] Finally, appellants point to the fact that section 1343 of the Civil Code provides that a legacy shall not lapse if "an intention appears to substitute some other in his place," and contend that they should have been permitted to introduce evidence of the circumstances surrounding the execution of the will for the purpose of showing that the testator intended the law of Rhode Island to apply. However, the "intention" mentioned is not the intention of the testator as to whether or not section 1343 shall apply to his will, for section 1343 applies regardless of the testator's wishes. The application of the section results in the lapse of the legacy, unless the testator prevents the lapse by inserting a provision for the disposition of the property in the event that the legatee predeceases him. As stated in *Estate of Sutro, supra*, "Under the code, the only way in which he could have made such intention appear—'clearly,' or at all—would have been by an express substitution of some other person" to take the place of Charles E. Blake in the event of his death. The intention of the testator expressed in the will was to make a testamentary disposition to Charles E. Blake—nothing more or less. It follows that the decree must be, and it is hereby, affirmed.

Richards, J., Seawell, J., Shenk, J., Lawlor, J., and Myers, C. J., concurred.