[S. F. No. 13712. In Bank.—August 31, 1931.]

In the Matter of the Estate of DAVID BLOOM, Deceased. JONAS BLOOM, as Executor, etc., Respondent, v. RAY RILEY, as Controller, etc., Appellant.

Herbert C. Kaufman, W. Urie Walsh and W. H. H. Gentry for Appellant.

Brobeck, Phleger & Harrison for Respondent.

THE COURT.—A petition for hearing in this case after decision by the District Court of Appeal, First Appellate District, Division One, was granted by this court. After further consideration we are satisfied with the opinion of the District Court of Appeal and hereby adopt the same as and for the opinion of this court, as follows:

"This is an appeal by the State Controller from an order entered in the above matter determining that no inheritance tax was due the state of California, and directing a refund of the inheritance tax previously paid.

"David Bloom died testate in the city and county of San Francisco on September 16, 1925. On September 25, 1925, Jonas Bloom, the executor and respondent herein, filed his petition for an order admitting the will to probate, and on October 8, 1925, the same was duly admitted to probate. The petition alleged and the court found that the decedent at the time of his death was a resident of said city and county. In due course of administration of the estate the inheritance tax appraiser appointed by the court filed his report fixing $64,268.81 as the amount of the tax, of which $57,145.24 was charged against the distributive share of respondent, and finding that the decedent died a resident of the city and county of San Francisco. On September 7, 1927, the State Controller filed objections to the report, alleging that certain corporate stock owned by decedent had been undervalued by the appraiser and that a copartnership interest of decedent had not been included in the report. On December 13, 1928, objections to the report were filed by respondent, following which amended and supplementary objections thereto were filed on his behalf individually and as executor. These objections alleged that the report was incorrect in finding that the decedent died a resident of the above city and county and that he was a resident of San Salvador at the time of his death; that consequently the stocks and bonds foreign to the state of California and which were owned by decedent were not subject to an inheritance tax in this state. The parties stipulated as to the value of the property in question and also that the decedent had an interest in certain partnership accounts which were not mentioned in the report. After a hearing the court found upon the evidence that decedent died a

resident of San Salvador and the order appealed from was entered accordingly. The evidence sufficiently supports the finding that decedent was a resident of San Salvador, but as stated the order admitting the will to probate contained a finding that the decedent died a resident of the city and county of San Francisco, and the Controller contends that respondent is conclusively bound thereby. The parties also stipulated that the only matter to be determined on appeal is the legal effect of the order in the above respect, but appellant makes the further contention that respondent by reason of his testimony in support of the petition for the probate of the will is also estopped to assert that decedent was not a resident of the said city and county.

"A proceeding for the probate of a will is one instituted for the purpose of establishing the status of a written instrument (*State of California* v. *McGlynn*, 20 Cal. 233 [81 Am. Dec. 118]; *Estate of Parsons*, 196 Cal. 294 [237 Pac. 744]). While the order admitting the same to probate is conclusive in subsequent proceedings as to the ultimate fact of the will, it is not save as to parties litigant (*Clapp* v. *Vatcher*, 9 Cal. App. 462 [99 Pac. 549]) or for the purpose of the proceeding itself (*Estate of Relph*, 185 Cal. 605 [198 Pac. 639]) conclusive as to the facts upon which the question of will or no will depends (*Gridley* v. *Boggs*, 62 Cal. 190), or, quoting from Freeman on Judgments, fifth edition, section 1524: 'When the same issues arise with respect to a different subject matter.' As was said in *Brigham* v. *Fayerweather*, 140 Mass. 411 [5 N. E. 265], with regard to such decrees, 'strangers though bound to admit the title or status which the judgment establishes are not bound by the findings of fact'. Thus it has been held that an order admitting a will to probate is not conclusive as a decree *in rem* as to the mental condition of the testator or other facts upon which the validity of the instrument depends (*Gridley* v. *Boggs, supra*), or as to matters incidental, though necessarily adjudicated, such as the relationship of the parties to decedent (*Sorensen* v. *Sorensen*, 68 Neb. 483, 490 [94 N. W. 540, 98 N. W. 837, 100 N. W. 930, 103 N. W. 455]), or the fact of the death as against strangers in a collateral proceeding (*Mutual Benefit Life Ins. Co.* v. *Tisdale*, 91 U. S. 238 [23 L. Ed. 314]; *Carrol* v. *Carrol*, 60 N. Y. 121 [19 Am. Rep. 144]; *In re Rowe*, 189 N. Y. Supp. 395 [197 App. Div. 449],

affirmed 232 N. Y. 554 [134 N. E. 569]; *Day* v. *Floyd,* 130 Mass. 488; *Steele's Unknown Heirs* v. *Belding,* (Tex. Civ. App.) [148 S. W. 592]). It has also been decided in numerous cases that an adjudication upon the question of residence of the testator in a proceeding for the probate of the will is not conclusive upon strangers in a matter not involving the validity of the order granting letters testamentary (*Dallinger* v. *Richardson,* 176 Mass. 77 [57 N. E. 224]; *Colvin* v. *Jones,* 194 Mich. 670 [161 N. W. 847]; *Matter of Horton,* 217 N. Y. 363 [Ann. Cas. 1918A, 611, 111 N. E. 1066]; *Smith* v. *Smith's Executor,* 122 Va. 341 [94 S. E. 777]; *Thormann* v. *Frame,* 176 U. S. 350 [44 L. Ed. 500, 20 Sup. Ct. Rep. 446]; *Overby* v. *Gordon,* 177 U. S. 214 [44 L. Ed. 741, 20 Sup. Ct. Rep. 603]; *Dunsmuir* v. *Scott,* 217 Fed. 200). In *Tilt* v. *Kelsey,* 207 U. S. 43 [52 L. Ed. 95, 28 Sup. Ct. Rep. 1, 4], the court, in passing upon this question, said: 'Upon principle and authority that adjudication, though essential to the assumption of jurisdiction to grant letters testamentary, was neither conclusive on the question of domicile nor even evidence of it in a collateral proceeding.'

''Appellant, in support of his contention, has cited certain California cases. In *Estate of Dole,* 147 Cal. 188, 194 [81 Pac. 534], and *Estate of Davis,* 151 Cal. 318, 327 [121 Am. St. Rep. 105, 86 Pac. 183, 90 Pac. 711], orders admitting wills to probate were attacked on the ground that the testator was a nonresident of the county and in *Estate of Parsons, supra,* a petition for partial distribution was opposed upon the ground that a portion of the will, the whole of which had been admitted to probate, had been revoked by the testator. Also in *Estate of Relph, supra,* the proceeding was in effect an attack upon an order granting letters of administration made upon the ground that the decedent was resident in another county. In each of these cases it was held that the orders could not be questioned collaterally, and none is an authority for the proposition that the findings upon which the orders were based were conclusive upon strangers in proceedings not involving the validity of the orders. In *Estate of Barton,* 196 Cal. 508 [238 Pac. 681], the testator died in San Diego County, where his will was admitted to probate, the finding in the order being that he was a resident of that county at the time of his death.

The will was executed in Rhode Island, where the testator was then domiciled. He owned certain foreign corporate stock which by the terms of the will was bequeathed to one Charles E. Blake, a resident of Rhode Island, but who predeceased the testator. Under section 1343 of the Civil Code this legacy lapsed upon the death of Blake. Upon the filing of the petition for distribution Blake's heirs filed objections to the distribution of the stock to the residuary legatee, alleging that the testator; contrary to the above finding, was domiciled in Rhode Island at the time of his death and that under the laws of that state the legacy did not lapse. A demurrer to the objections filed was sustained and the stock distributed to the residuary legatee. On appeal from the decree it was held following *Estate of Relph, supra,* that the findings of jurisdictional facts supporting the order were final adjudications in all subsequent stages of the administration; also that while the fact that the testator died in San Diego County leaving estate therein was sufficient to give the court jurisdiction to make the order (Code Civ. Proc., sec. 1294, subd. 2), nevertheless Blake's heirs were privileged to appear and oppose the admission of the will to probate on the ground that the testator was a resident of the county and having failed to do so after due notice were concluded by the finding. ▊ While a decree admitting a will to probate as a judgment *in rem* is conclusive only as to the status adjudicated, it is, nevertheless, as to all persons interested in the will who, being notified to appear at the probate, might come in, or who, had they come in, would have been heard on any question which the court might properly determine at the hearing, as conclusive for the purposes of administration as a decree *in personam.* (*Garwood* v. *Garwood,* 29 Cal. 514; *Estate of Allen,* 176 Cal. 632 [169 Pac. 364]; Freeman on Judgments, 5th ed., sec. 1524; 15 Cal. Jur., Judgments, secs. 180, 181, pp. 117, 118.) This was the gist of the decision in the *Estate of Parsons, supra,* on this question, and all that is necessary to support that decision.

"The above cases make it plain that judgments *in rem* are binding upon persons who are not parties to or participants in the proceeding only so far as the status, title or other *res* constituting the subject matter is adjudicated (*Estate of Blake,* 157 Cal. 448 [108 Pac. 287]). ▊ It is well settled

that the tax imposed by the Inheritance Tax Law (Stats. 1921, p. 1500, as amended) is on the right to succeed to the property of the estate, rather than upon the property itself (*Estate of Letchworth,* 201 Cal. 1 [255 Pac. 195]). ▮ The statute makes no provision for notice to the state or any officer thereof of hearings upon petitions for the probate of wills or for letters of administration, and before the appointment of the inheritance tax appraiser the state is a stranger to the proceeding. Any other rule would afford opportunity for fraud, of which unscrupulous persons would not be slow to take advantage.

▮ ''While the state may be concluded by a judgment *in rem* as to the *res* with respect to which the judgment was rendered, as, for example, the validity of the organization of irrigation districts (*People* v. *Linda Vista Irr. Dist.,* 128 Cal. 477 [61 Pac. 86]; *People* v. *Perris Irr. Dist.,* 132 Cal. 289 [64 Pac. 399, 773]), or the genuineness of a will duly admitted to probate (*State* v. *McGlynn, supra*), nevertheless, it has been held that judgments of this character do not conclude the state or its agencies unless the law authorizing the proceeding contemplates such result, since the state, without its consent, express or implied, cannot be sued (*Berton* v. *All Persons,* 176 Cal. 610 [170 Pac. 151]), and also that the right of the state to collect an inheritance tax cannot be prejudiced by the findings of the court in a proceeding for the probate of a will (*Estate of Holt,* 61 Cal. App. 464 [215 Pac. 124]).

▮ ''We find no merit in appellant's further contention that as between the state and the executor the latter is estopped by his testimony at the hearing of the petition for the probate of the will. The estoppel of a judgment is operative only when it is mutual (34 Cor. Jur., Judgments, sec. 1407, p. 988], which was not the case as to the state. Moreover, it is an essential element of an estoppel by conduct that the party asserting it was injured or misled by the conduct of his opponent (10 Cal. Jur., Estoppel, sec. 20, p. 636), which is not contended to be the fact here.

''The conclusions of the trial court are supported both by the facts and the law, and its order should therefore be affirmed.''

The order is affirmed.