[Civ. No. 24060. Second Dist., Div. Three. May 10, 1960.]

Estate of PAUL BRACE, Deceased. EILEEN DENMAN, Appellant, v. PURA BERRY, Respondent.

Frank S. Whiting for Appellant.

William S. Stack for Respondent.

VALLÉE, J.—Appeal from a judgment admitting a codicil to a will to probate.

Paul Brace died on January 7, 1958 in Guadalajara, Mexico. He left neither spouse nor issue surviving. On July 25, 1957 he executed a holographic will by which he left all his property to his stepdaughter, Dolores Neifert. The will was admitted to probate by the probate court of the County of Los Angeles on February 13, 1958. The court found that at the time of his death Brace was a resident of the County of Los Angeles, State of California, and left estate therein. No appeal was taken from the order, and it became final. No contest of the will was filed within the statutory period after probate. (Prob. Code, § 380.) Dolores Neifert assigned her interest in the estate to Eileen Denman, her mother and the divorced wife of the deceased. The estate consists entirely of personal property.

On November 3, 1957, Brace executed a holographic codicil to the will by which he left everything he owned in Puerto Vallarta, Mexico, and $5,000 cash, to Pura Berry. The codicil was entirely written, dated, and signed by the hand of the testator.

Pura Berry petitioned for probate of the codicil. Eileen Denman filed a contest. One of the grounds of contest was that the deceased was domiciled in Mexico at the time he executed the codicil and that it was not executed in conformity with the law of that country. The matter was heard by the court sitting without a jury. The court found: (1) The document dated November 3, 1957, is a codicil to the will of July 25, 1957. (2) At the time of his death and on the date the codicil was executed, the deceased was domiciled in the county of Los Angeles. Judgment followed, admitting the codicil to probate. Eileen Denman appeals.

At the hearing of the contest, evidence was received on the question whether the deceased was domiciled in Mexico or in California at the time the codicil was executed. The parties agree that the codicil was not executed in conformity with the laws of Mexico, and that it was executed according to the law of California. Contestant asserts the finding that the deceased was domiciled in California at the time the codicil was executed is unsupported by the evidence and is contrary to all the evidence. We do not reach this question since we have concluded the validity of the codicil is determined by the domicile of the deceased at the time of his death, and the order admitting the will to probate is conclusive that he was domiciled in California at that time.

■ The essential characteristic of a will or codicil is that during the life of the testator it is and remains ambulatory, having no effect until his death occurs. The death of the maker establishes for the first time the character of the instrument. (*Nichols* v. *Emery,* 109 Cal. 323, 329 [41 P. 1089, 50 Am.St. Rep. 43] ; *Niccolls* v. *Niccolls,* 168 Cal. 444, 446 [143 P. 712] ; *Notten* v. *Mensing,* 3 Cal.2d 469, 473 [45 P.2d 198] ; *Estate of Newton,* 35 Cal.2d 830, 831 [221 P.2d 952] ; *Shive* v. *Barrow,* 88 Cal.App.2d 838, 843 [199 P.2d 693] ; *Daniels* v. *Bridges,* 123 Cal.App.2d 585, 589 [267 P.2d 343].) ■ The general rule is that a will disposing of personal property is governed, as to the formal requisites essential to its validity, by the law in force at the place of domicile of the testator at the time of his death. (*Estate of Patterson,* 64 Cal.App. 643, 647-648 [222 P. 374] ; *Estate of Davison,* 96 Cal.App.2d 263, 267-268 [215 P.2d 504].) The Restatement says: "The validity and effect of a will of movables is determined by the law of the state in which the deceased died domiciled. . . .

"*d. Change of domicil after making will.* If, after making his will, a person changes his domicil, the validity of his will is determined by the law of the state of his domicil at death, not of his domicil at the time of executing the will." (Rest., Conflict of Laws, 387, § 306.)

The testator in *Estate of Barton,* 196 Cal. 508 [238 P. 681], was found to be a resident of California at the time of his death. At the time he executed his will he was domiciled in Rhode Island. On his death a portion of his personal property was physically within Rhode Island. Answering the contention that the law of the domicile at the time of the execution of the will, and not at the time of death, controlled the disposition

of the personal property in Rhode Island, the court stated (p. 514) :

"As in the case of other laws concerning the operation and effect of wills and as in the case of laws governing the validity and revocation of wills, it is the law of the domicile at the time of death that applies, at least, in the case of bequests of personal property. In Alexander on Wills, volume 1, page 345, the law is stated as follows: 'If a testator, subsequent to making a testamentary disposition of personal property, removes to a different state, or country, and becomes domiciled there, in the event of his death his will is controlled, as to personalty, by the laws of his last domicile. Should different laws prevail and the will fail to comply with the requirements of the law of the last domicile of the testator, such change of domicile would, in effect, be a revocation of the bequests, since the personal property could not pass under the instrument,' citing *In re Coburn's Will,* 9 Misc. Rep. 437 [30 N.Y. Supp. 383]; *Irwin's Appeal,* 33 Conn. 128; *Matter of Braithwaite,* 19 Abb. N.C. (N.Y.) 113. See also *Estate of Patterson,* 64 Cal.App. 643 [222 P. 374.]''

(Also see *Estate of Reynolds,* 217 Cal. 557 [20 P.2d 323].)

*Estate of Patterson, supra,* 64 Cal.App. 643, says (p. 647) :

"Mr. Schouler in his work on Wills, Executors and Administrators (5th ed., vol. 2, p. 889) lays down the rule that 'the law of the place of last domicile regulates as to the execution and validity of wills of personal property.' And Mr. Alexander in his Commentaries on Wills (vol. 1, p. 338) says that 'the general rule, except as modified or changed by statute, is that a will disposing of personal property is governed, as to the formal requisites essential to its validity and as to its construction, by the law in force at the place of domicile of the testator at the time of his death.' In Wharton on the Conflict of Laws (3rd ed., vol. 2, p. 1351) is found the statement that 'the question whether the marriage of the testatrix, or the birth of a child subsequently to the execution of the will, revokes the same, depends upon the *lex domicilii* so far as personal property is concerned, and upon the *lex rei sitae* so far as real property is concerned.' And as announcing the same principle, see the following cases: *Miles* v. *Fogle,* 4 Edw. Ch. (N.Y.) 559; *In re Coburn's Will,* 9 Misc. Rep. 437 [30 N.Y. Supp. 383]; *Evansville I. & C. S. Co.* v. *Winsor,* 148 Ind. 682 [48 N.E. 592]; *Van Wickle* v. *Van Wickle,* 59 N.J.Eq. 317 [44 A. 877]; *Ware* v. *Wisner,* 50 Fed. 310; *Kingsbury* v. *Burnside,* 58 Ill. 310 [11 Am.Rep. 67]; *Eyre*

v. *Storer,* 37 N.H. 115; *In re Harwood,* 172 N.Y. Supp. 296; *Crandall* v. *Barker,* 8 N.D. 263 [78 N.W. 347]; *In re Witter's Estate,* 15 N.Y. Supp. 133; *Moultrie* v. *Hunt,* 23 N.Y. 394; *Despard* v. *Churchill,* 53 N.Y. 192; *Lowndes* v. *Cooch,* 89 Md. 478 [40 L.R.A. 380, 39 A. 1045]; *Lewis* v. *Corbin,* 195 Mass. 520 [122 Am.St.Rep. 261, 81 N.E. 248]; *Martin* v. *Stovall,* 103 Tenn. 1 [48 L.R.A. 130, 52 S.W. 296]; *McEwan* v. *Brown,* 176 N.C. 249 [97 S.E. 20]."

To the text writers quoted from in Barton and Patterson may be added the following. Gardner: "Since personal property has, broadly speaking, no locus apart from the domicile of its owner, and there being no reason why the sovereign within whose jurisdiction it chances to be physically situated should interfere with the method of its devolution, it is steadily held that in regard to testamentary capacity, method of execution, and construction the law of the state or country in which the testator was domiciled at the time of his death controls." (Gardner on Wills, 303, §§ 93-94.)

Wharton: "It is a principle of the common law of England, as has been already stated, that a will, executed according to the forms of the testator's last domicil, will pass his movable property wherever it may be found; and that, if not executed according to such form, it is inoperative as to movables." (2 Wharton on Conflict of Laws, 1303, § 585.)

Underhill: "The validity of a will of personal property being determined according to the law of the domicile of the testator at the time of his death, irrespective of the fact that the property is located within another jurisdiction, it may become necessary to ascertain what the law of the domicile is." (1 Underhill on the Law of Wills, 35, § 30.)

Page: "The validity of a testament by which personal property is bequeathed is determined by the law of the domicile of testator at the time of his death, even if its situs is in another state." (4 Page on Wills, Lifetime ed., 702, § 1637.)

Leflar: "The general rule of the common law is that . . . the validity of wills of movable personalty is determined by the law of the testator's domicile at death." (Leflar, Conflict of Laws, 357, § 186.)

Rollison: "Validity of a will of personal property is to be determined by the law of his [testator's] last domicil." (Rollison, Law of Wills, 154, § 88. To the same effect, *Estate of Nolan,* 135 Cal.App.2d 16, 18-20 [286 P.2d 899, 50 A.L.R.2d 1369]; 15 C.J.S. 935, § 18f; 11 Am.Jur. 479, §§ 172-173; 57 Am.Jur. 79, § 61; anno. 129 A.L.R. 859.)

Section 301 of the Probate Code provides that wills must be proved and administration of estates had in the superior court "(1) Of the county in which the decedent was a resident at the time of his death, wherever he may have died; . . ." The word "resident" as used in section 301 is synonymous with "domicile."

█ "Courts and legal writers usually distinguish 'domicile' and 'residence,' so that 'domicile' is the one location with which for legal purposes a person is considered to have the most settled and permanent connection, the place where he intends to remain and to which, whenever he is absent, he has the intention of returning, but which the law may also assign to him constructively; whereas 'residence' connotes any factual place of abode of some permanency, more than a mere temporary sojourn. █ 'Domicile' normally is the more comprehensive term, in that it includes both the *act* of residence and an *intention* to remain; a person may have only one domicile at a given time, but he may have more than one physical residence separate from his domicile, and at the same time. [Citations.] █ But statutes do not always make this distinction in the employment of those words. They frequently use 'residence' and 'resident' in the legal meaning of 'domicile' and 'domiciliary,' and at other times in the meaning of factual residence or in still other shades of meaning. [Citations.] For example, in our codes 'residence' is used as synonymous with domicile in the following statutes: sections 243 and 244 of the Government Code, giving the basic rules generally regarded as applicable to domicile [citation]; section 301 of the Probate Code, relating to jurisdiction for the administration of decedents' estates (*Estate of Glassford*, 114 Cal.App.2d 181, 186 [249 P.2d 908, 34 A.L.R.2d 1259])...." (*Smith* v. *Smith*, 45 Cal.2d 235, 239 [288 P.2d 497].)

As stated earlier, the order admitting the will to probate adjudged that Brace "died on January 7, 1958, leaving estate in the State of California, and then a resident of the County of Los Angeles, State of California...."[1]

█ The admission of a will to probate is, in effect, a decision on the question of domicile. (*Irwin* v. *Scriber*, 18 Cal. 499, 500, 505-508.) In admitting the will to probate in *Estate of Barton, supra*, 196 Cal. 508, the probate court found that the decedent died in, and was a resident of, San Diego County

[1] In the petition for probate of the will Dolores Neifert stated under oath "That said deceased at the time of his death was a resident of the County of Los Angeles, State of California."

at the time of his death. Further facts stated in the opinion were (p. 510):

"For the purposes of this appeal it is conceded that the testator was domiciled in the state of Rhode Island at the time he executed the will; that a considerable part of the personal property, bequeathed as mentioned in the above paragraph, was situated in the state of Rhode Island at the time of the testator's death, and that according to the law of Rhode Island the heirs of Charles E. Blake, that is to say, the appellants herein, would be entitled to receive the bequests, whereas under the California law (Civ. Code, sec. 1343), the bequests would lapse by reason of the fact that Charles E. Blake predeceased the testator and the property would become part of the residue.

"In the written objections to the petition for distribution it was alleged and appellants contend that they should have been accorded the opportunity of proving that, at the time of his death, the testator was a resident of the state of Rhode Island and not of California."

The court held (p. 511): "This contention cannot be sustained because the fact of residence was determined by the court when it admitted the will to probate. It has been repeatedly held that 'The procedure of this state contemplates in the administration of the estates of deceased persons a series of definite proceedings, each of which is, as to the matters within its purview, separate. And an adjudication as to each step in this series is intended to be final in its nature, and not subject to review in a subsequent stage of the administration of the estate. . . . Each can be attacked directly by appeal, or by some motion authorized by law for the purpose, or, perhaps, by bill in equity, but an attack made in a different proceeding in the same estate would clearly be collateral.' (*Estate of Davis,* 151 Cal. 318 [121 Am.St.Rep. 105, 86 P. 183, 90 P. 711]; *Irwin* v. *Scriber,* 18 Cal. 500; *Estate of Latour,* 140 Cal. 414 [73 P. 1070, 74 P. 441]; *Estate of Parsons, ante,* p. 294 [237 P. 744].) Appellants seek to distinguish these cases upon the ground that attempt is not being made to attack the probate of the will, but merely to raise the question of the residence of the testator at the time of his death for the purpose of ascertaining the construction to be given the will. However, the fact of residence was a jurisdictional fact upon which the order of the court admitting the will to probate was made and based. Unless set aside upon direct appeal, findings of jurisdictional facts supporting such an order are final

adjudications upon those facts for all subsequent stages of the administration proceedings and are as conclusive as the order admitting the will to probate. (*Estate of Relph,* 185 Cal. 605 [198 P. 639].)'' (Also see *In re Griffith,* 84 Cal. 107, 109-110 [23 P. 528, 24 P. 381] ; *Estate of Spencer,* 198 Cal. 329, 332-333 [245 P. 176] ; *Estate of Bloom,* 213 Cal. 575, 580 [2 P.2d 753] ; *Estate of Estrem,* 16 Cal.2d 563, 569-570 [107 P.2d 36] ; *Estate of Radovich,* 48 Cal.2d 116, 121 [308 P.2d 14] ; *Estate of Buckhantz,* 159 Cal.App.2d 635, 642-645 [324 P.2d 317] ; *Estate of Genung,* 161 Cal.App.2d 507, 511 [326 P.2d 861] ; *Estate of Adams,* 164 Cal.App.2d 698, 702-705 [331 P.2d 149] ; *Estate of Winnie,* 175 Cal.App. 2d 698, 702-705 [346 P.2d 856].)

■ We hold that the adjudication on admission of the will to probate that the deceased was a resident of the County of Los Angeles, California, on the date of his death is conclusive of the question of his domicile in the proceeding for admission of the codicil to probate. Thus the deceased was domiciled in the County of Los Angeles at the time of his death. The estate consists entirely of personal property. The validity of the codicil is governed by the law of the domicile at the time of death. The codicil was executed according to California law. (Prob. Code, § 53.) It follows the probate court did not err in admitting it to probate.

If the finding as to domicile on admission of the will to probate was erroneous, it could have been attacked on appeal. The time for appeal and the time for contest after probate having elapsed, the finding has become conclusive. Contestant or her assignor was privileged to appear and introduce evidence for the purpose of opposing the order admitting the will to probate based on the ground the testator was a resident of Mexico at the time of his death. Having failed to do so, the adjudication of residence, made after due notice and hearing, is conclusive on them in the present proceedings. (*Estate of Barton, supra,* 196 Cal. 508, 511-512.)

Affirmed.

Shinn, P. J., and Ford, J., concurred.