[Sac. No. 3874. In Bank.—December 7, 1926.]

In the Matter of the Estate of GEORGE K. RIDER, Deceased. NATIONAL BANK OF D. O. MILLS & CO. (a Corporation), Executor, etc., Appellants, v. EDWARD RIDER et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—EXECUTORS AND ADMINISTRATORS —SETTLEMENT OF ACCOUNTS—WHEN CONCLUSIVE.—Orders settling the accounts of executors and administrators, whether they be annual or final accounts are conclusive as to all items properly contained therein, except as to persons under legal disability.

[2] ID.—SUPPORT OF WIDOW—AUTHORITY TO PAY.—Where a testator by his will created a trust in all of his property and provided that the income should all be paid to the widow during her lifetime and upon her death that all of her debts, funeral expenses and expenses of last illness should be paid by the trustee, and it appears that the trust property included the community property which the wife waived any interest in, in consideration of receiving the income for her lifetime, the decedent intended that the widow should be maintained from the property of the estate until distribution to the trustee, when she was to receive the entire income, and payments therefor were properly made by the executor and properly included and settled in its annual accounts.

[3] ID.—BEQUEST FOR MAINTENANCE—TIME OF PAYMENT.—A bequest for maintenance dates from the death of the testator and the beneficiary is entitled to receive the income from the property of the estate immediately upon the decedent's death.

[4] ID. — ANNUAL ACCOUNTS — ORDER SETTLING — PRESUMPTIONS.— Where the proceedings at the hearing of annual accounts of an executor are not in the record on appeal, it must be presumed that

1. See 12 Cal. Jur. 62; 11 R. C. L. 184.
3. See 26 Cal. Jur. 1044; 28 R. C. L. 355.

the orders of the probate court approving the accounts were made upon proper and legal proof and that all legal requirements were complied with; and where it appears that certain items were paid by the executor under the claim that the will required their payment as maintenance for the widow during the administration of the estate and they were accordingly included in the executor's account, they appearing to be proper items to be included in the accounts, the orders approving said accounts were conclusive and binding on the parties interested in the estate, as to such items.

(1) 24 C. J., p. 1025, n. 81, p. 1029, n. 5. (2) 24 C. J., p. 95, n. 88. (3) 24 C. J., p. 95, n. 88. (4) 24 C. J., p. 1033, n. 28, p. 1050, n. 1.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Reversed.

The facts are stated in the opinion of the court.

Butler, Van Dyke & Desmond for Appellant.

Thomas B. Leeper, Arthur C. Huston and O. G. Hopkins for Respondents.

CURTIS, J.—This appeal is from the same decree of distribution in the *Estate of George Rider, Deceased,* from which two other appeals were taken and which have been decided this day (*ante,* p. 724 [251 Pac. 799]). The appeal herein is from that portion of said decree charging the appellant, the executor of the will of the deceased, with $56,206.32, as representing the total balance in cash on hand in said estate. Appellant contends that it was erroneously charged with $28,051.49, which it had paid to Annie Rider, the surviving wife of said deceased, and that an error in the figures, amounting to $322.76, had been made in computing said balance.

The item of $28,051.49 was paid by said executor to Annie Rider, the widow of said deceased, under what said executor conceived to be the intent and purpose of the last will and testament of said deceased, a copy of which may be found in the decision of this court above referred to. By the terms of this will the whole estate of the testator was devised and bequeathed to the National Bank of D. O. Mills & Co., as trustee, to pay the entire income there-

from to the widow of said deceased during her lifetime.
The National Bank of D. O. Mills & Co. was also appointed
the executor of said will and during the administration of
said estate and, acting under the terms of said will as it
construed them, said executor paid to Annie Rider the in-
come from the estate as it received the same from time to
time. $11,851.49 was in this way paid to Annie Rider
during what was practically the first year after decedent's
death. This item was included in the executor's first an-
nual account. During the next period of time, practically
eighteen months, covered by the second annual account, the
executor in the same manner paid Annie Rider $16,200
and this amount was included in its second annual account.
[1] These accounts each came on regularly for hearing
after due notice given and were approved and allowed by
the probate court. Thereafter, however, and at the hearing
of the petition for distribution the probate court, notwith-
standing these previous orders approving the first and second
annual accounts directed said executor to account for all
sums of money paid Annie Rider during the period of time
covered by said accounts and charged said amounts against
said executor in fixing the balance of money in its hands
for distribution. Appellant contends that this action of
the probate court was erroneous and that the court had no
power after settling the two accounts of the executor to
thereafter charge it with the items which had been in-
cluded in said accounts and allowed and approved by the
court. As supporting this contention appellant relies upon
section 1637 of the Code of Civil Procedure and *Estate of
Grant,* 131 Cal. 426 [63 Pac. 731]. The court in *Estate
of Grant, supra,* goes into the matter quite thoroughly and
concludes that the order settling accounts, whether it be an
annual or a final account "is conclusive to all 'items con-
tained therein' except as to persons under legal disability."
On the other hand, respondents contend that an order
approving an account is binding and conclusive only as
to the items that are properly included in such an account;
that advances made to beneficiaries are not proper items
either in an annual or a final account; and that an order
of court approving such an account is not conclusive or
binding as to such items improperly included therein. It
was held in *Estate of Willey,* 140 Cal. 238, 241 [73 Pac.

998, 999], that: "The duties of the executors are to preserve the estate, pay the indebtedness of the deceased, the charges of administration, and put the estate in such condition that distribution may be had to those entitled to it under the will. In the matter at bar, however, the executors did something more. They assumed in advance of the decree of distribution, to construe the terms of the will, the validity of particular bequests, who were the beneficiaries thereunder, and to make payments of the funds of the estates upon their own judgment as to these matters. This was clearly outside of their duties, was an attempt to intrench on the exclusive jurisdiction of the court to determine these matters on distribution, and an infringement upon the rights of all persons interested in the estate to have these matters disposed of solely on distribution—partial or final." This case arose, however, on an appeal from an order striking out from an account certain payments made to beneficiaries under the will of the deceased on the ground that they were not proper items for settlement or approval in an executor's account. The question as to the conclusive and binding effect of an order settling an executor's account, including such items, did not arise in this case. Neither was it one of the questions decided in *Estate of Ross*, 179 Cal. 358 [182 Pac. 303], cited by respondents.

[2] We think, however, that the payments made by the executor to Annie Rider were more than mere advances to a beneficiary under the will of the deceased. By the terms of the will of George K. Rider, deceased, his wife, Annie Rider, was to receive all the income from the property of said estate. Included in the decedent's estate was not only his separate property, if he had any, and his interest in the community property, but also the interest of his wife, Annie Rider, in the community property. In consideration of the provisions in the will giving to her the income during her lifetime she surrendered her right in the community property and waived all her right to any of the property of her deceased husband as his surviving wife and heir at law. There is no evidence that she was possessed of any other property than that which she received under the will of her husband. The testator in turn evidently attempted to provide for her every need, even making provision therein for the payment of her debts and liabilities after her death

and her funeral and expenses of last illness. It is inconceivable that he could have been so solicitous for her welfare as manifested by his scrupulously making provision for her care, support and maintenance after the property of the estate should come into the hands of the trustee, not forgetting to provide for her last illness and final interment, and then refusing or intentionally neglecting to provide for her immediate needs following his death and during the administration of his estate. To attribute to deceased any such intention would be to place an unreasonable and unnatural, and we believe unwarranted, construction upon the terms of his will and the conduct and actions of the testator surrounding its execution. Undoubtedly he intended the provisions that he had made in his will for the care and support of his wife should be for her maintenance until such a time as the property of the estate should be distributed to the trustee, when she would continue to receive the entire income therefrom. [3] Such a provision in the will under such circumstances is sometimes referred to as a bequest for maintenance and it has been held that such a bequest dates from the death of the testator and that the beneficiary therein is entitled to receive the income from the property of the estate immediately upon the decedent's death (*Estate of Dare,* 196 Cal. 29 [235 Pac. 725]).

[4] The proceedings at the hearing of the first and second annual accounts in which the items in dispute were contained are not before us. It must be presumed that the orders of the court approving these accounts were made upon proper and legal proof and that all legal requirements had been complied with. It appears that these items were paid by the executor under the claim that the will required their payment as maintenance for the widow during the administration of the estate and they were, accordingly, included in its accounts. As such, they were proper items to be included in the executor's accounts and the orders thereafter approving said accounts were conclusive and binding upon the parties interested in the estate. It was error, therefore, on the part of the probate court to charge said executor with the items which had previously been allowed and approved by the court in the order settling the first and second annual accounts. These orders

were conclusive against all parties in any way interested in the estate, saving, of course, persons laboring under any legal disability (Code Civ. Proc., sec. 1637).

As to the item of $322.76, claimed to be an error against appellant, made in computing the amount of cash in the hands of the executor, it is evident that a new decree of distribution will have to be made in the matter of this estate. In preparing such decree any error in computation made in the previous decree, if any such error was made, can be readily corrected in such a new decree.

That part of the decree of distribution appealed from on this appeal is reversed.

Shenk, J., Richards, J., Waste, C. J., Finlayson, J., Seawell, J., and Sullivan, J., concurred.