Peters, P. J., and Wood (Fred B.), J., concurred.

[Civ. No. 15012. First Dist., Div. Two. Mar. 24, 1952.]

Estate of META S. HEALY, Deceased. FIELDING S. WOOD et al., Appellants, v. CROCKER FIRST NATIONAL BANK OF SAN FRANCISCO, as Executor and Trustee, etc., Respondent.

Henry J. Kleefisch for Appellants.

Chickering & Gregory, W. Burleigh Pattee, John Philip Coghlan and Cooper, White & Cooper for Respondent.

DOOLING, J.—This appeal involves the same claim of fraudulent conduct by the Crocker First National Bank discussed in *Spencer* v. *Crocker First Nat. Bank,* 86 Cal.App. 2d 397 [194 P.2d 775] to which reference is made for a statement of appellants' theory. In that case the first division of this court held that since the respondent bank was executor of the will of Meta S. Healy, deceased, and the probate proceedings in her estate were still pending the probate court had exclusive jurisdiction of appellants' claim that the respondent bank was bound to account to the estate for the moneys lost to the estate by its alleged fraudulent conduct.

Thereafter the executor bank filed its final account and appellants by written objections thereto urged the same matters alleged in their complaint in *Spencer* v. *Crocker First Nat. Bank, supra.* Appellants demanded a jury trial on the issue of the respondent bank's alleged fraudulent conduct which was denied by the court. From an order overruling the objections and settling the final account as presented this appeal was taken.

Appellants' sole ground of appeal is that the court erred in denying their demand for a jury trial. Appellants are met at the outset by the objection that the settlement of respondent's second account in 1945 is res adjudicata against them on the question which they sought to litigate by their objections to the final account. Although this question was fully presented in respondent's brief appellants filed no closing brief nor did they attempt to answer this contention on oral argument.

The record shows that the second annual account purported to show all money and property of the estate for which respondent executor was accountable and that these appellants filed written objections to that account in which in general language they asserted the same matters relied upon by them in their objection to the final account and that they further

by reference incorporated into their written objections the allegations of their complaint in *Spencer* v. *Crocker First Nat. Bank, supra.* These objections were overruled and denied and the second account settled and approved by order of the probate court filed on December 11, 1945.

The probate court in the order settling the final account found as to this order of December 11, 1945:

"That exceptions have heretofore been filed to the second account and report of the executor by the same parties and based upon the same charges of fraud and concealment as the exceptions to the executor's third and final account and petition for final distribution herein, and the said exceptions have heretofore been found to be groundless by the above entitled Court and said second account and report of the executor was approved as filed."

Thus is brought into play the settled rule that where matters are litigated and determined in the settlement of an intermediate account the order of the court settling that account is conclusive on the parties as to the matters so litigated in all subsequent proceedings in the probate of the estate. (*Estate of Wear*, 20 Cal.2d 124 [124 P.2d 12]; *Estate of Rider*, 199 Cal. 742 [251 P. 799]; *Bank of America* v. *McRae*, 81 Cal.App.2d 1, 8 [183 P.2d 385].)

The application of this rule requires the affirmance of the order and decree appealed from.

The claim that certain attorneys' fees were improperly allowed was expressly abandoned at the oral argument.

The order and decree are affirmed and respondent is allowed costs on appeal pursuant to rule 26(a), Rules on Appeal, and a reasonable attorney's fee for resisting the appeal to be fixed by the probate court. (*In re Moore*, 96 Cal. 522, 531 [31 P. 584].)

Nourse, P. J., and Goodell, J., concurred.