[Civ. No. 22909.   Second Dist., Div. Three.   June 20, 1958.]

Estate of ALBERT L. GENUNG, Deceased. ESTHER DONNELLAN, as Administratrix, etc., Appellant, **v.** MABEL GENUNG, Respondent.

Halverson & Halverson and George Halverson for Appellant.

Pence, Johnson & Downing and John H. Halpin, Jr., for Respondent.

VALLÉE, J.—Appeal from a decree determining distributive interests in a testamentary trust.

The decree of distribution of the estate of Albert L. Genung, made December 18, 1941, distributed half thereof "to Paul Jones and Mabel Genung, as co-trustees, in trust for the following uses and purposes: (a) Said trustees shall administer said trust as in their judgment and discretion shall seem proper, and are vested with full authority to sell, convey, encumber, mortgage, loan or otherwise transfer or alienate any and all property in or belonging to such trust, and with the monies therein or to be derived from any deals with trust property, to make such investments or to buy such property or assets as shall in their judgment be proper. (b) Said trustees shall, during the lifetime of decedent's sister, Elizabeth Jones, devote the full income from said trust to the use and benefit of said Elizabeth Jones; and shall pay to her the income from said trust at such intervals and in such amounts as shall be for the best interests and advantage of said Elizabeth Jones. Or, if in the judgment of said trustees, it shall be advisable to pay over such income to some other person or persons to

be expended for the benefit of said Elizabeth Jones, they are hereby fully empowered so to do and to pay over such income to such person or persons as in their judgment will best or most advantageously expend the sum for the benefit of said Elizabeth Jones; and if, in the judgment of said trustees, it shall be necessary or proper for the care, health, benefit or support of said Elizabeth Jones, that monies in addition to the income from said trust be expended by her for her benefit, then and in that event said trustees are hereby expressly directed and empowered to use and expend such portion of the principal of said trust property as in their judgment is needed for the care, health, and benefit or support of said Elizabeth Jones. (c) Upon the death of said Elizabeth Jones, said trust shall forthwith cease and terminate, and all of the property remaining in said trust at that time shall go and pass to decedent's wife, Mabel Genung, individually and not as trustee." The property distributed consisted of a half interest in a lot improved with a dwelling house, a half interest in an unimproved lot, and $.45 cash, all of the value of $6,125.45. The half interest in the improved lot was sold on February 14, 1947 for $3,675—$1,175 cash and a purchase money deed of trust for $2,500.

The cotrustee, Paul Jones, died on August 17, 1951. On August 15, 1955 Mabel Genung, the surviving trustee, filed her first account and report. The beneficiary, Elizabeth Jones, filed objections to the account and a petition for instructions and for removal of the trustee. On December 8, 1955, an order was made settling the account, awarding $500 fees to the attorney for the trustee, and continuing the petition for instructions and removal of the trustee. The order adjudged that the trustee had in her possession a balance of $5,414.03, of which $664.03 was cash, and appointed Byron Halverson cotrustee. The order settling the account became final.

Elizabeth Jones died on April 24, 1956. On November 29, 1956, the administratrix of the estate of Elizabeth Jones filed a petition praying for an order that the assets in the hands of the trustees belonged to her estate and that they be delivered to her as administratrix after payment of fees of Mabel Genung. The petition alleged that on April 10, 1956, the trustees sold the unimproved lot, resulting in their receiving $5,911.60 which they hold, less $501 paid to the attorney for the trustee; Mabel Genung, as sole trustee, wilfully refused to exercise her discretion in behalf of Elizabeth although she knew Elizabeth was in need; Elizabeth left no estate to pay

the expense of her last illness, her funeral expenses, or the care and advances made to her by her daughter.

At the hearing of the petition of the administratrix the court had before it the petition of Elizabeth Jones for instructions and for removal. The court treated them as moot because of the death of Elizabeth. Mabel Genung sought the remaining trust assets by virtue of the decree of distribution. The court found: that between December 18, 1941 and April 24, 1956, the date of death of Elizabeth, Mabel had expended from the trust for Elizabeth's use and benefit these sums:

"From increase of the trust............$5,874.57
From principal of the trust........... 2,357.93

Total .............................$8,232.50";

the discretion exercised by Mabel Genung was not arbitrary but was reasonable; it is not true that Elizabeth left no estate with which to pay the expenses of her last illness or her funeral expenses or the care or advances made by her daughter; the income of the trust was at no time large enough to provide for the entire support of Elizabeth; all of the income, and principal of $2,357.93, was paid by the trustees for the benefit of Elizabeth; the cotrustees until the death of Paul Jones, and Mabel Genung thereafter, exercised "a reasonable judgment and discretion in the determination of the amounts of principal to be paid from said trust for the benefit of Elizabeth Jones and were not guilty of any abuse of discretion in making such determination."

The court adjudged by decree dated June 4, 1957, that Mabel Genung, individually, is entitled to the whole of the balance of the trust available for distribution and it is vested absolutely in her subject to the winding up of the administration of the trust. The administratrix of the estate of Elizabeth appeals.

Appellant contends numerous findings are not supported by the evidence. Such contention requires appellant to demonstrate that there is no substantial evidence to support the challenged findings. (*Nichols* v. *Mitchell,* 32 Cal.2d 598, 600 [197 P.2d 550].) ██ "The rule is established that when an appellant contends that there is not any substantial evidence to sustain a finding of fact he must point out in his briefs the (a) evidence, (b) particular finding claimed to be unsupported, and (c) show wherein the evidence does not sustain the questioned finding; otherwise the finding of the trial court is presumed to be correct and not erroneous and it

will be upheld by an appellate court." (*Rinker* v. *McKinley*, 65 Cal.App.2d 109, 110 [149 P.2d 859].) Appellant has not complied with the rule. None of the evidence received at the hearing on which the appeal from the decree is taken is set out in appellant's briefs.

We have examined the record and find that the findings to the effect that Mabel Genung acted in good faith and reasonably in the administration of the trust and was not guilty of any abuse of discretion are amply supported by the evidence. The decree of distribution provided that the trustee should administer the "trust as in their judgment and discretion shall seem proper." No abuse of that discretion is shown. During administration of the trust the trustees and trustee received in cash $10,780.90, consisting of income and principal; and disbursed, other than to the beneficiary, $1,884.37, which disbursements were approved by the final order of December 8, 1955, leaving a balance of $8,896.53. They paid $8,232.50 to the beneficiary, retaining in the trust $664.03 which was principal. From the $664.03 the court by its final order of December 8, 1955 awarded $500 as attorney's fees. On the death of Elizabeth there was no income on hand. No trustees' fees were ever awarded.

Appellant criticizes expenditures made by the trustees and the trustee prior to the hearing of the first account. As stated earlier, an order was made settling that account on December 8, 1955, which became final. ■ It is settled that where matters are litigated and determined in the settlement of an intermediate account the order settling that account is conclusive on the parties as to the matters so litigated in all subsequent proceedings in the probate of the estate. (*Estate of Healy*, 109 Cal.App.2d 885, 887 [241 P.2d 1043].)

Complaint is also made of the fact that no payment was made by the trustees to Elizabeth from May 23, 1940, the date of death of Albert Genung, until February 18, 1942. Appellant overlooks the fact that the trust estate did not pass to the trustee until the decree of distribution which was made December 18, 1941.

At the hearing of the present proceeding it was stipulated that the only question before the court was whether Mabel Genung or the administratrix of the estate of Elizabeth was entitled to any or all of the principal. ■ The decree of distribution states that "if, in the judgment of said trustees, it shall be necessary or proper for the care, health, benefit or support of said Elizabeth Jones, that monies in addition

to the income from said trust be expended by her for her benefit, then and in that event said trustees are hereby expressly directed and empowered to use and expend such portion of the principal of said trust property as in their judgment is needed" for such purposes. The power conferred on the trustees with respect to invasion of principal was discretionary. It was when, in the judgment of the trustees, such invasion was "necessary or proper" that they were "directed and empowered" to do so. The power being discretionary, they were subject to control of the court if it was not reasonably exercised. (Civ. Code, § 2269.) Since the court on substantial evidence found that the power had been reasonably exercised, the question is not open to review. ▆ "It is the general rule that if the power of the trustee is discretionary, and the trustee is fairly employing his judgment to advance or not to advance, the court will not control his action merely because it disagrees with him, but it must find some abuse of discretion or bad faith before it will interfere. (Bogart on Trusts & Trustees, vol. 4, part 1, pp. 168-169.) ▆ The court should not be burdened with the duty of administration, nor required, nor permitted to substitute its judgment and discretion for that of the trustee so long as it acts within proper limits; nor in any event until there is an entire failure or refusal on the part of the trustee to perform its duty." (*Estate of Greenleaf,* 101 Cal.App.2d 658, 662 [225 P.2d 945].)

We think the court correctly determined that under the decree of distribution Elizabeth was to receive the benefits of the trust for her care, health, benefit, or support during her lifetime and that the residue remaining on her death should be distributed to Mabel Genung. ▆ The decree of distribution having become final, the adjudication is conclusive as an ascertainment of the terms of the trust and the interests created thereby. It is not subject to collateral attack or to be impeached by resort to the terms of the will or by resort to the evidence received at the hearing of the account current and report held on December 8, 1955. (*Estate of Buckhantz,* 159 Cal.App.2d 635, 642 [324 P.2d 317]; 25 Cal.Jur. 286, § 145.)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied July 17, 1958.