[Civ. No. 24826.   Second Dist., Div. Three.   Mar. 9, 1961.]

Estate of PHILIP S. CUMMINGS, Deceased. MURIEL CRONAN et al., Appellants, v. FRANCES E. CUMMINGS, as Executrix, etc., Respondent.

Trevey, Schwartz & Wood and Jack A. Otero for Appellants.

Durley, Todd, Cearnal & Marshall and William L. Callender for Respondent.

BISHOP, J. pro tem.[*]—This is an appeal by "objectors" Muriel Cronan and Frances Seger, from an order overruling their objections to and settling the first account current of the executrix. No record of the evidence or of the oral proceedings taken at the time of the hearing is brought to us, and without it we would hesitate to reverse the order. As we are persuaded that the order should be affirmed, even with the facts as appellants contend that they are, we are not questioning appellants' recitals.

We find that a will was admitted to probate, fashioned by the inexpert hands of the decedent whose name gives the title to this case. In the will, as we read his handwriting, are these, among other, provisions:

"To whom it may concern

"2d   In case of my death I would like the following course to be carried out . . . .

"Any and all real properties to be disposed of to the best advantage and the proceeds divided as follows—

"Except that any and all personal property and the furniture and fixtures & house hold goods of the Apartment shall become the sole property of my wife, Frances . . . .

"One half (½) of the proceeds of my estate to go to my wife Frances— * * *

"One third (⅓) of the balance or other half to go to my brother or his heirs Harold O. Cummings— * * *

"All or any rents or income from my properties to be the immediate property of my wife Frances and to be used

---

[*]Assigned by Chairman of Judicial Council.

by her in any manner she may see fit, without giving an account of same—and said rents or income not to be considered as a portion of estate as shown above." (Emphasis that of testator.)

In the order of January 28, 1957, admitting the will to probate, appears a recital that the will was filed with the court on the 7th of that month. We are assuming that the testator's death did not occur after that date. The executrix, widow of the decedent, filed her first account current and report, December 7, 1959. In it she reported, among many other items, that she had received rents totalling $358.26 before January 7, 1957, and over $6,000 after that date. Her account reports no disbursements before March 1957, so that the total amount of $3,406.45 reported by the executrix as having been paid by her to herself, was disbursed between March 1957 and December 5, 1959.

The appellants are, we are assuming, "the daughters and only heirs-at-law of Harold O. Cummings, who predeceased the testator and was his brother." On this premise, the appellants had a sufficient interest in the estate to give them standing as objectors to the account. However, that to which they objected were payments of $3,406.45 that the executrix had made to herself and that which they sought was judicial disapproval of these payments and a decree requiring her to repay them to the estate, with interest. Instead, the court decreed that all the payments "are hereby ratified and approved and are to be charged against rents and income which Frances E. Cummings is entitled to receive . . . ."

The will has to be read and interpreted to determine, basically, the rights of the respective parties. Quite plainly, the testator meant to divide his property into three classes in order to declare how it was to go : (1) All his real property; (2) all his personal property, the furniture, fixtures and household goods of the apartment; and (3) the rents and income from his properties. The first was to be sold and the proceeds divided as indicated—the objectors, as heirs of the testator's brother, Harold, to receive one-sixth. Plainly, the "proceeds" of which they were to receive one-sixth were not to be derived from the personal property, etc. of the second classification; all of that was to be distributed to Frances, the decedent's widow. Even more unmistakably, the rents and profits were not to become part of the proceeds

that were to measure appellants' share. ▉ The testator endeavored to do that which he could not do, with respect to the rents and income, that is, have his widow receive them without having to account for them and without having them go through probate. This futile effort, on his part, does not result, however, in the defeat of the object which he plainly desired; Frances was to receive all the rents.

The only item with which this appeal is concerned is a portion of the rents received. Granted that Frances, as executrix, had to account for it. She has; and appellants are now agreed that the testator's mistaken idea that he could relieve her of this duty furnishes no basis for a reversal. ▉ They still insist, however, that she was not entitled to receive any part of the rent until an order of distribution was made or, possibly, until an order for maintenance covered it, and without either order her self payments were without right and should not have been approved.

The obvious answer to these contentions is that, even if they are well taken, appellants are in no wise aggrieved by the payments. As respecting the rents, Frances was the sole legatee. Had there been unsatisfied debts against the estate, appellants might have a reason for apprehension, but we gather from what appears in respondent's brief, unchallenged by the appellants, that there is no threatening indebtedness. Irregular as may be her early payment to herself, if a part of what may be regarded as her legacy it worked no possible hurt to appellants' interest, for in the rents they had no interest. What sense would there have been in requiring the executrix, Frances, to return the payments she had received with interest? The interest, it would seem, would simply be added to the amount of the rents on hand and turned over to Frances, the legatee, upon distribution of the estate.

▉ Moreover, the will in expressing the testator's desire that his wife was to have the rents as her "immediate property," was susceptible of the interpretation that they were to meet her immediate needs. Then, as held in *Estate of Rider* (1926), 199 Cal. 742, 746 [251 P. 805, 806-807], payments in advance of a decree of distribution and without previous orders authorizing them, were properly approved in the order settling an account. See also, *In re Lux* (1893), 100 Cal. 606, 608 [35 P. 345] and another appeal in same estate, *Miller* v. *Lux* (1893), 100 Cal. 609 [35 P. 345, 347], and *Crew* v. *Pratt* (1897), 119 Cal. 131, 138-139 [51 P. 44]. The argument that to allow the executrix to receive the rent during

the course of administration will tempt her to delay its completion unreasonably overlooks the fact that such unreasonable conduct, brought to the attention of the trial court, would receive its condemnation. The executrix, here, took to herself much less than the testator intended she should have and there is no showing that she dallied in closing the estate.

We find, in the few cases cited by the appellants, no reason to doubt our conclusion that the order appealed from should be affirmed. They do contain statements, appropriate to their own facts, that lend support to appellants' contentions, but we do not find them persuasive when applied to the facts of this case.

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.