STEPHENS, J.
Eloi J. Amar died on May 24, 1963, and his will was duly admitted to probate in the Superior Court of Los Angeles County. A state inheritance tax appraisement and report were made, dated Stepember 30, 1964, and a hearing on the report was set for October 20, 1964. On that date the report was approved and the tax set at $725.28. This amount was paid on November 6, 1964. Thereafter, a federal estate tax return was made, and the amount of state tax actually paid was allowed as a credit against the am mint, found to be due the federal government. Final distribution of the estate was made, and the eo-exeeutors were discharged by order of the superior court on April 2, 1965. Thereafter, on November’ 18, 1966, the appointed state inheritance tax appraiser filed a “supplemental” report with the court in the probate proceeding, claiming a further amount of tax due under Revenue and Taxation Code, section 13441.[1] This section provides for the so-called “additional” or “pickup” tax. In essence, it allows the state to take advantage of a revenue raising opportunity afforded it by the federal government. The federal government allows an amount as a credit against the federal estate tax due for state inheritance taxes paid, but it bases the credit allowable on its own tables. Under section 13441, if the amount allowable is more than that actually paid to the state, the difference is imposed as an additional tax, and the money is paid to the state government, and the federal credit is increased. There is no increase in the total tax bill of the estate; the amount that would have been paid the federal government is simply paid to the state government instead, and is subtracted in the form of a larger credit from that amount that is owed to the federal government.
*403 The “supplemental” report was made pursuant to Revenue and Taxation Code, section 13443, subdivision (a).[2] This section sets out the available procedure to the state for the collection of this tax. Objections to the report were filed, and the matter was set for hearing. Both sides submitted briefs, and the matter was taken under submission without oral argument. On January 17, 1967, the court adopted the supplemental report, and an order was entered directing that the amount of additional tax be paid. This appeal followed.
The objectors, appellants here, do not challenge the constitutionality of the tax itself (see Estate of Good, 213 Cal.App.2d 45 [28 Cal.Rptr. 378]); rather, they challenge the procedural device invoked for its collection. They seem to argue that the section puts them in the position of not being able to avoid having to pay the tax to the federal government and in addition pay the “pickup tax” amount to the state government. They argue that the state tax may not be imposed until after the final determination of the federal tax, in which case it may be too late to gain federal tax credit for the additional amount paid.
Assuming arguendo that this would be a valid objection to such a procedure, we find that it is not in fact the necessary result. The solution is simple. When the estate is valued for federal tax purposes, notification and tender of the amount of any additional tax should be made; it then is paid to the state and claimed as a credit against the federal estate tax.
We recognize that there is a certain chicken and egg element to this problem. The credit cannot be claimed until payment to the state, and the state need not claim the pickup tax until after the final determination of the federal tax. There is no showing, however, that the various taxing authorities do not cooperate to assure that full credit is obtained when proper procedure is followed. It is the taxpayer upon whom the duty of notification of final federal tax determination falls. He is best positioned to know that valuation. It is noted *404 that there has been no showing that a refund cannot be obtained here from the federal government by proper petition.
Objectors also contend that since the final distribution has been made and the initial tax determined, it is too late for the state to assert the additional tax. We do not agree. The statute contemplates that the time for collection of the additional tax is measured separately from the probate period. To this degree this tax constitutes a separate tax from that initially charged, and, as such, the finding that the initial charge was paid as a prerequisite to final distribution does not bind the state in its attempt to collect the additional tax. (Estate of Bloom, 213 Cal. 575, 581 [2 P.2d 753].) Thus, probate estates may be closed early and distribution accomplished without being delayed by the problem of determination of the maximum tax to be paid. The executor customarily and in good practice protects himself by withholding funds to cover the amount that appears necessary to satisfy this tax.
The objectors raise certain other points in this appeal. They contend that the time of final determination of the federal tax should have been set out to see if the six months ’ condition was complied with. This is without merit for the notice of such “final determination” was in fact received after the state’s petition for its pickup tax. Objectors also contend that the pro rata shares of the parties liable for the tax should have been set out. This is the obligation of the estate, and not the taxing body. Probate Code sections 970 and 976 provide the manner and obligation of proration of estate tax; this obligation is imposed upon the representative of the estate. They further contend that the procedural section is unconstitutional because of its uncertainty as to time. Apparently the argument is that the “uncertainty timewise” refers to the time allowed the Controller’s office to file a petition for the “pickup” tax: “within six months after he [Controller] has received knowledge that the federal estate tax has been finally determined.” Obviously the time of starting is under the control of the federal government, and the representative of the estate is in the best position to know when the final determination is made by the federal taxing authority. By giving notice of this fact to the Controller, the representative eliminates any possible uncertainty which he may otherwise believe exists. There is no contention that the additional tax here involved is unconstitutional. The maximum amount of tax credit allowed under federal estate tax law is not in question. The amount of credit actu *405 ally claimed in the federal estate tax return is immaterial in that this does not relieve the taxpayer from payment of the amount of the tax, for which he may seek credit (Estate of Good, supra, 213 Cal.App.2d 45). The six months from time of notice to the Controller of the final determination makes certain the time within which the pickup tax may he demanded.
The procedure for determining the federal estate tax is constitutional. The explicit six-month limit on the state after that cannot be attacked as vague or uncertain.
We find each of the above complaints without merit for the reasons stated.
The judgment is affirmed.
Kaus, P. J., and Hufstedler, J., concurred.

Revenue and Taxation Code, section 13441: “In the event that a Federal estate tax is payable to the United States in a case where the inheritance tax payable to this State is less than the maximum State tax credit allowed by the Federal estate tax law, a tax equal to the difference between the maximum credit and the inheritance tax payable is hereby imposed. ’ ’

Bevenue and Taxation Code, section 13443, subdivision (a): “If the amount of the maximum state death tax credit allowable pursuant to the federal estate tax law is later found to exceed the total amount of tax fixed by an order fixing inheritance tax theretofore made, the court which made said order shall, upon petition of the Controller after notice to the persons chargeable with any increased tax, modify it to fix the true amount of additional tax due under this article. The controller’s petition for modification may be filed at any time within six months after he has received knowledge that the federal estate tax has been finally determined. ’ ’